opinion of the court
Harold Hyman, J.
Petitioner’s application herein is not a run-of-the-mill proceeding to stay arbitration. To the contrary, it has nuances which create issues out of the ordinary. To clearly draw the issues, the following facts are set forth.
At the outset herein petitioner, State Farm Mutual Automobile Insurance Company, has petitioned the court for an order pursuant to CPLR article 75 staying arbitration and directing that a preliminary hearing be held to determine (1) whether the notice of claim for uninsured motorist coverage was timely; and (2) whether or not there is insurance available to respondent; and, for the purpose of that hearing, adding Percival E. Jeffery and Edgardo Torrasjo as additional party respondents. Supplementing said petition, said petitioner has also submitted additional affidavits and exhibits.
The respondent, Jimmie Howell, has not only filed an answer to said petition, but he too has filed supplemental affidavits and exhibits.
*835 From the allegations contained in said papers, the following facts appear:
On or about November 9, 1979, the respondent, Jimmie Howell, was operating his motor vehicle in Brooklyn, New York, when it came into contact with a motor vehicle owned by Edgardo Torrasjo and operated by Percival E. Jeffery.
Respondent, considering the owner and operator of the offending vehicle to be uninsured, apparently made claim upon the petitioner for “no-fault” benefits and was apparently paid by petitioner for some period of time, which then assumedly ceased. As a result of such assumed cessation, the respondent forwarded to petitioner, by certified mail return receipt requested, a group of no-fault bills previously paid by petitioner and a hospital record of the respondent; and, as part of such group of papers, a demand for arbitration. It is claimed by petitioner that because the demand for arbitration was of an unusual size (8V2 x 11) instead of the usual customary (8V2 x 14) size that it was not discovered by petitioner’s claims service representative. Petitioner claims that it first became aware of the demand for arbitration on January 4, 1982 when it received a letter dated December 30,1981 from the American Arbitration Association suggesting certain prospective named persons as arbitrators, and from which letter it first learned that the demand for arbitration had been filed with said American Arbitration Association on December 14, 1981. That it was then that petitioner caused a more complete and comprehensive examination of respondent Jimmie Howell’s claim and after which examination and investigation it was, for the first time, assigned to counsel.
The investigation of the field claims representative was made commencing January 7, 1982 and for some time thereafter. Such investigation then showed that petitioner’s computer was not able to verify the respondent, Jimmie Howell, of 144 Lafayette Avenue, Brooklyn, New York, as its insured, but that it only turned up a James O. Howell of 19 Maple Place, Amityville, New York. That petitioner’s employees had mistakenly believed that such person was the respondent herein and therefore had erroneously paid respondent “no-fault” benefits.
*836 The investigation, in addition to the differences in addresses, also disclosed from the papers submitted by respondent that the latter’s date of birth was September 9, 1956, whereas State Farm’s insured James O. Howell’s date of birth was July 20, 1950. Further investigation showed that the auto insurance plan (AIP) numbers for the two Howells were different in that Jimmie Howell’s number was AIP No. 1104316800 and that of James O. Howell was AIP No. 1105924700. All this led to petitioner’s underwriting department’s final determination that petitioner had never insured the respondent. Further investigation by Reliable Claims Service of motor vehicle records with regard to respondent, indicated that respondent, as of November 2, 1979 — his automobile registration date — had in fact been insured by Home Indemnity Co.
The prima facie factual conclusion could therefore be made from the foregoing that petitioner had never insured respondent, Jimmie Howell, and that its prior no-fault payments made to him were mistakenly made as a result of petitioner’s employees’ simple business error.
The respondent’s position simply stated, is that: (a) this petition, served more than 20 days after demand for arbitration is barred from judicial intrusion into the arbitration process requiring a dismissal of the petition because of the running of the short Statute of Limitations; (b) the size of the paper for a demand for arbitration is neither prescribed nor proscribed; (c) the proposed respondent, Percival E. Jeffery’s automobile was not covered by financial security on the date of the occurrence and, therefore, his driving license and registration had been revoked; that such revocation is sufficient to deny the present petition since there are no issue's of coverage involved; (d) finally, that the prior payment by petitioner to respondent of the “no-fault” benefits precludes the petitioner from thereafter asserting that there was no policy “in force” on the date of the loss.
The respondent’s position in this court’s view is prima facie untenable.
This is not a proceeding to determine whether a policy of liability insurance which at one time may have existed between petitioner and respondent Howell, but which had *837 been allegedly canceled was nevertheless legally “in force” with regard to payment of “no-fault” benefits to respondent. Was this the only issue, then, with certainty petitioner’s application herein would require prompt and certain dismissal on either of the grounds propounded by respondent, particularly because of the running of the 20-day Statute of Limitations. (CPLR 7503, subd [c]; Matter of State Farm Mut. Auto. Ins. Co. [Santiago], 84 AD2d 552.) Rather this proceeding is based upon an alleged prima facie showing that petitioner and respondent never had any insurance contractual relationship, and therefore that any “no-fault” payments made to respondent by petitioner had been made upon an honest mistake of fact; and, if so whether the receipt and acceptance by respondent of such “no-fault” benefits might be classified as an estoppel against petitioner or as unjust enrichment and possible fraud on the part of respondent.
For there to have been or now be any liability by petitioner to pay any such “no-fault” benefits, or to be estopped or barred from contesting any such liability there must first have been a predicate, namely, an insurance contractual agreement existing between said petitioner and the respondent which allowed or provided for such arbitration. A stranger to a contract cannot be expected to anticipate involvement in arbitration simply because he allowed the statutory time to lapse after receipt of a notice to arbitrate, regardless of having mistakenly erred in believing that it had such a contractual relationship necessitating its making such payment. There must in fact be a legal predicate, either a contractual or statutory basis which committed such person to that kind of determination of a dispute (Glasser v Price, 35 AD2d 98, 101; Matter of Matarasso [Continental Cas. Co.], 82 AD2d 861, 862).
To construe the “no-fault” insurance laws otherwise would be to deprive the petitioner its constitutional right of “due process” since it would constitute an infringement upon a nonsignatory to a contract by barring it from raising the lack of a contract to arbitrate by its mere failure to seek a stay within the statutory time provided for one who is a signatory and/or a party to a contract which thus provides. In the absence of a contractual predicate *838 bringing the contract or statutory entitlement of arbitration into motion, to say that one who has no contractual relationship with another who seeks arbitration and, therefore, no statutory obligations to proceed to arbitration must be or is barred from pursuing its rights to refuse to participate in any such proceeding is to commit an act of usurpation in violation of constitutional due process and is subject to be challenged whenever and wherever it is put forward by the usurper as a source of rights and duties (Glasser v Price, supra, p 101; Matter of Finsilver, Still & Moss v Goldberg, Maas & Co., 253 NY 382, 391-392).
The court holds, therefore, that the petitioner, an alleged noncontractual party with respondent would, under such circumstances, not be bound to enter into an arbitration proceeding with respondent pursuant to the provisions of the “no-fault” insurance statutes; and, could under such circumstances completely ignore any demand to arbitrate presented or served by respondent, nor can it be estopped by its delay or failure to move; to say otherwise would be to deprive petitioner of the general right to make, or not enter into, a contract with another in relation to its business, a liberty of an individual protected by the Fourteenth Amendment of the Federal Constitution (Lochner v New York, 198 US 45).
Of course, there herein remains the necessity of petitioner proving the nonexistence of any such contractual insurance relationship; this may properly be presented only in an action for a declaratory judgment wherein all parties in interest are brought before the court for juridical determination. For such latter purpose, and pursuant to CPLR 103 (subd [c]), the court will not dismiss this proceeding but herewith converts it into an action for a declaratory judgment wherein certain other interested parties, additional respondents-defendants, shall be added, namely, Percival E. Jeffery, Edgardo Torrasjo and Home Indemnity Company, and upon which added party defendants, petitioner-plaintiff shall serve copies of all of the papers filed and served herein; and that the papers served up to now shall constitute the petitioner’s complaint and the respondent’s papers his answer thereto. Further, and until there has been a determination of the action for a *839 declaratory judgment, the demand for arbitration and all proceedings requested thereunder be and are hereby “stayed”.