OPINION OF THE COURT
Thomas J. Murphy, J.
This matter was originally brought on before the court by a *245 petition to confirm the award of the arbitrator in a Lemon Law controversy naming General Motors Corporation as a party respondent and Key Capital Corporation as a nonparty respondent. General Motors Corporation subsequently cross-petitioned for a modification or, in the alternative, vacatur of the arbitrator’s award. The People of the State of New York were granted leave to intervene as a party petitioner by order of this court dated July 8,1987.
Upon the oral argument of this motion, this court ordered that the proceeding be converted into an action for a declaratory judgment pursuant to CPLR 3001, using the power conferred upon the court by CPLR 103 (c) (see, Matter of State Farm Mut. Auto. Ins. Co. [Howell], 113 Misc 2d 834 [Sup Ct, Queens County 1982]).
The effect of this court’s order converting the petition to confirm the arbitrator’s award into an action for a declaratory judgment also converts the cross petition of General Motors Corporation into a counterclaim for declaratory judgment.
There remain three outstanding unresolved issues in this matter. The first issue is the proper calculation of the refund amounts to be paid by General Motors to lessee Conlan and lessor Key Capital Corporation. That matter can be resolved with a correction of a typographical error noted in Mr. Katz’s letter of August 4, 1987. The figures set forth in Mr. Woodard’s letter of August 4, 1987 are correct and confirmed by the court.
The second issue before the court is the request for attorney’s fees. The court has reviewed the affidavit in support of the request of Lee Woodard for attorney’s fees and finds that his request covers the hours concerning time spent after the arbitrator’s decision had been rendered through this court proceeding (General Business Law § 198-a).
The affidavit shows that the attorney is requesting an hourly rate of $75 per hour for 13 Vi hours rendered. This court finds that the sum of $1,012.50 is a fair and reasonable attorney’s fee and awards petitioner that sum.
The sole remaining issue in this matter is whether or not the lease agreement between Key Capital Corporation and Daniel J. Conlan is deemed void as of the date of the arbitrator’s decision and award in favor of Mr. Conlan. This court decides that the lease is void as of the date of the arbitrator’s decision.
Although the matter between the parties is now moot since *246 Key Capital Corporation proposes to release Mr. Conlan from his obligation under the lease in question and execute and deliver clear title to the motor vehicle to General Motors Corporation, the parties have requested the court to render a decision in this action notwithstanding the prior resolution of the factual issues. This court agrees with the parties that the issues presented before the court are obviously of State-wide significance because they affect every automobile manufacturer that does business in New York State, as well as every motor vehicle lessee who avails himself of the Attorney-General’s arbitration procedure under General Business Law § 198-a (k).
It appears that on March 21, 1985 East Syracuse Sales Company sold to Key Bank of Central New York a new 1985 model Chevrolet Corvette for a sale price of $25,754.75. The vehicle was registered in the name of Daniel J. Conlan. The bank subsequently assigned all of its interest in the vehicle to Key Capital Corporation. On or about March 20, 1985, the lessor and lessee entered into a consumer motor vehicle lease whereby the lessee was to make a total of 60 equal monthly payments in the amount of $455.43 each to the lessor as his consideration for the use of the vehicle.
The lease provides that the lessee is generally responsible to provide and pay for regular maintenance, towing, and repair of the vehicle, as well as replacement of parts and accessories which subjects the vehicle to the provisions of the New York General Business Law § 198-a.
After certain mechanical difficulties with the car, the lessee filed a request for arbitration on March 31, 1987. A formal hearing was held on April 21, 1987, and the arbitrator subsequently decided that the lessee qualified for relief under the statute and awarded the lessee a refund of $8,151.09. A modified decision was subsequently made on June 12, 1987, which the parties claim still includes a miscalculation of figures.
The General Motors position is that the arbitrator’s modified decision and award is imperfect in a manner of form since the lessor has refused to release all of the interests in the vehicle and lease in exchange for the statutory payment to the lessor by General Motors Corporation prescribed by General Business Law § 198-a (c) (2), and the decision and award compels respondent General Motors Corporation to pay statutory refunds to both the lessor and lessee within 30 days of its *247 receipt thereof, but fails to compel the lessor and lessee to deliver to General Motors Corporation a clear title to the vehicle within the same time period. General Motors therefore requests that the arbitrator’s award should be modified.
Unless the lease is deemed void as of the date of the arbitrator’s decision and award, the lessor has refused to release all of its interest in the vehicle and lease, and General Motors would not be able to obtain clear title to the vehicle.
The "Lemon Law” (General Business Law § 198-a) was amended in 1986 (L 1986, ch 799) to extend the protections available under that statute to the leased vehicles.
This court finds that the intent of the 1986 amendments of the "Lemon Law” was to terminate the rights of the lessor under its lease and allow General Motors to acquire clear title to the vehicle after it has made the statutorily required refunds. It is clear that the lessor’s rights under the lease were terminated as of the date of the arbitrator’s decision.
In reaching this decision, the court must rely on the legislative intent of the statute since there is no case law on the subject. If the purpose of the statute was to afford lessees the same remedy available to purchasers, then no other interpretation of this statute is possible. The Attorney-General cites the memorandum of the State Executive Department in support of its position, reprinted in 1986 McKinney’s Session Laws of NY, at 3007. It is therein cited "[t]here is no reason why the increasingly large number of consumers who lease their vehicles should not have recourse to the same protections as those who choose to purchase such vehicles.” This court agrees that the consumer/lessee would have already expended a considerable sum under the lease for a vehicle which has been declared to be a "lemon” and would still be liable to the lessor for substantial payment pursuant to the lease’s termination clause if the lease was not declared void. Each termination payment would be, in this case, more than the refund consumer/lessee receives from the manufacturer under the statutory formula. If its rights under the lease are not terminated, the lessor will have received its payments under the lease agreement, will have been paid by the manufacturer pursuant to the statutory formula (including a sum which was specifically included in the formula to compensate the lessor for the early termination of the lease [General Business Law § 198-a (6) (v)]), and would still be able to hold the consumer/lessee liable for the substantial lease termina *248 tion payment. Such a result has been pointed out to the court by Stuart B. Stillman, counsel to a trade group of motor vehicle leasing companies, and submitted in support of the Attorney-General’s position.
Therefore, the court grants judgment to the plaintiff accordingly and grants the cross motion of the movant General Motors Corporation.