Kenneth S. MacAffer, J.
This is a proceeding under article 78 of the Civil Practice Act for an order vacating and annulling a determination made by the respondent, Arthur Levitt as Comptroller, on or about May 2, 1961 which refused to pay petitioner back salary from September 25, 1959 to October 20, 1959 and from December 21, 1959 to December 21, 1960.
The respondents filed objections in point of law for the dismissal of the petition on the ground of legal insufficiency. Such motion has been withdrawn by the respondents. The parties on the argument agreed that the only issue is one of law for the court to decide on the allegations of the petition alone.
The petitioner on September 25, 1959 held the position of safety officer at Rockland State Hospital, a position in the competitive class of the classified civil service. On that date written charges and specifications were preferred against the petitioner and he was suspended from duty without pay. After trial of the charges petitioner was found guilty thereof on October 20, 1959 and was dismissed from his position effective October 21,1959.
Petitioner brought an article 78 (Civ. Prac. Act) proceeding in the Supreme Court of Orange County for reinstatement and back pay against respondent, Alfred M. Stanley, as Director of the Rockland State Hospital, hereinafter referred to as Director. The proceeding was transferred to the Appellate Division, Second Department. On October 31, 1960 that court entered its order “ that the determination of the respondent be and the same hereby is unanimously annulled on the law and facts, without costs, and matter remitted to respondent for reconsideration and imposition of lesser penalty.”
This order of the Appellate Division was based upon the memorandum decision handed down by the court reading as follows: ‘ ‘ While the evidence is sufficient to support the finding of petitioner’s guilt as charged, it is our opinion that the measure of punishment imposed constitutes an abuse of discretion (see Civ. Prac. Act, § 1296, subd. 5-a). The charges were not of sufficient gravity to justify petitioner’s discharge from his employment.” (Matter of Fuller v. Stanley, 11 A D 2d 1073.)
*710 On December 15,1960 the Director by letter advised petitioner that he had reconsidered the punishment of dismissal theretofore imposed and thereupon decided to suspend the petitioner without pay for a period of two months dating from October 21, 1959. Petitioner was directed to report for duty on December 22,1960. The petitioner did not receive his salary from the date of suspension on September 25, 1959 to December 20, 1960.
From September 25, 1959 to October 21, 1959 the petitioner was under suspension without pay pending the trial and determination of the charges. The final punishment imposed was the suspension for two months without pay which, if originally imposed, would have covered the period from October 21, 1959 to December 21, 1959. Inasmuch as the petitioner received no salary for the period from December 21, 1959 to December 21, 1960 the effect of the final decision was to deprive him of such salary for a total period of 14 months following the original determination of the charges.
The respondents contend that unless the petitioner can be considered to have been reinstated to his position by the Appellate Division he is not entitled to the back salary he seeks. The respondents cite several authorities in support of their contention which this court does not deem applicable to the issues presented here. The petitioner contends that such reinstatement was “ implicit in the decision by the Appellate Division.” In the case of Matter of Mitthauer v. Patterson (8 N Y 2d 37) invoking a somewhat similar state of facts and the same provisions of the Civil Service Law, Chief Judge Desmohd in the majority opinion affirming the determination of the Appellate Division, Second Department (8 A D 2d 953) said in part at pages 42-43:
‘ ‘ At this point we come to another question, a new one in this court: Does subdivision 5-a authorize a fixing by the court of a new lower penalty or must the court, finding the administrative penalty excessive, remit the case to the administrative body to fix a new punishment? We find no other reported case where the reviewing court itself fixed a lesser penalty although there are many where courts have sent such matters back to administrative boards to fix new penalties. No definite indication is discovered as to the legislative intent in this respect but some of the material in the New York State Legislative Annual (1955, pp. 32-35) suggests that subdivision 5-a was intended to give the court, in the course of its judicial inquiry as to abuse of discretion, complete power over the whole subject matter. We hold that the power exists. Otherwise, in a case like the present one, the Appellate Division, if it felt that a six-month suspension was all that could reasonably be imposed, would have to send *711 the case back to the Authority to fix a penalty no greater than that. Such circumlocution should be avoided. In appropriate cases, which will probably be few, the reviewing court can order a lesser discipline, much as it does in criminal cases (Code Grim. Pro., § 543).
‘ ‘ There is one more problem in the case. The Authority says that in any event a six-month suspension was illegal under subdivision 3 of section 75 of the Civil Service Law (supra). That statute says that when a civil service employee is found guilty of charges ‘ the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service ’. However, under the circumstances of this case and in the light of subdivision 5-a of section 1296 of the Civil Practice Act (supra), we hold that the six-month period as fixed by the Appellate Division was not illegal.”
As noted above, this proceeding before the Appellate Division was for reinstatement and back pay. The Appellate Division might have imposed a different penalty, such as a fine, and reinstated the petitioner. This the court did not do but it did remit the matter for reconsideration and the imposition of a lesser penalty. The Appellate Division was not required to fix the penalty. That court chose in this instance to annul the determination and remit for the imposition of a lesser penalty. In so doing, however, this court must assume that the Appellate Division was cognizant of the provisions of subdivision 3 of section 75 of the Civil Service Law. The Director was therefore required to fix a penalty within the power conferred on him by the provisions of the aforesaid statute, which was less than dismissal from the service. The Director did so proceed and fixed a penalty of suspension for two months without pay. To sustain the contention of the respondents would be to, in fact, impose an additional penalty of a year’s salary which would not only be in excess of the penalty prescribed by the statute but also in this court’s opinion beyond the penalty which the Appellate Division determined should be imposed.
The Director in imposing the final penalty made no reference to the period from September 25, 1959 to October 20, 1959, the period of suspension pending the trial and determination of the charges. The statute (Civil Service Law, § 75, subd. 3) provides that the time during which an employee is suspended without pay may be considered as part of the penalty. However, it is not mandatory and inasmuch as no reference was made to such *712 period of suspension the petitioner may not recover his salary for that period.
This court therefore grants the application of the petitioner to the extent that the petitioner shall he paid by the respondents his salary for the period from December 21, 1959 to December 21, 1960, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during such unemployment, together with $50 costs on this application.