Wilfred A. Waltemade, J.
Plaintiff moves for summary judgment. As a result of a departmental trial and finding of guilt, plaintiff was dismissed as an officer of the police force. Prior thereto plaintiff was not suspended, and continued in the performance of duty until such dismissal effective February 16, 1961. On transfer of an article 78 CPLB proceeding, the matter was remanded for discipline less than dismissal (20 A D 2d 686). On April 10, 1964, plaintiff was again dismissed as of February 16, 1961. He again sought review and at Special Term the matter was again remanded, presumably there being nothing to transfer, defendants having failed to discipline as directed by the Appellate Division. Upon the second remand plaintiff suffered a 30-day loss of pay.
In this action plaintiff seeks recovery of back pay for the period February 17, 1961 to reinstatement on March 18, 1965. Section 434a-20.0 of the Administrative Code of the City of New York provides: “ Suspension of members of force.— The commissioner shall have power to suspend, without pay, pending the trial of charges, any member of the force. If any member so suspended shall not be convicted by the commissioner of the charges so preferred, he shall be entitled to full pay from the date of suspension, notwithstanding such charges and suspension.”
Defendants argue that it is not disputed that there has been no disturbance of the basic finding of guilt with respect to all charges save one. They argue further that in view of the fact that the period involved, subsequent to the effective date of dismissal, could not be a period during which he might be permitted to work, the implication is unmistakable that this should have comprised the period of plaintiff’s suspension. The failure to suspend, defendants say, was a mere oversight. It might be added that, upon the basis of the entire record, the dismissal was not oversight but error. The question is not whether there had been any suspension or for what period of time, but rather plaintiff’s entitlement to his position, the right to perform the *847 duties thereof and to receive a salary incident thereto. Defendants contend further that plaintiff had not been reinstated by court order, but rather by the act of the Police Commissioner. The fact is that in each instance the court remanded for disciplinary measures. Such action is possible only with respect to an officer whose right to the position is established, particularly when dismissal had already been effected. Finally, defendants contend that application for back pay had been denied on the prior application for review. Until there has been reinstatement, there can be no recovery of back pay. The court, by its order, did not specifically reinstate the plaintiff, but by that order the Commissioner was under compulsion to do so and then to. discipline. When on March 18, 1965 plaintiff was reinstated and then fined, his claim of right to back pay then matured.
La Forge v. City of New York, (20 A D 2d 693) and Kaminsky v. City of New York (20 A D 2d 692) were decided together in the Court of Appeals (15 N Y 2d 500). It was then determined, on the basis of Fitzsimmons v. City of Brooklyn (102 N. Y. 536) that a patrolman is a public officer and his salary belonged to him as an incident of office and “ earnings from another employment, held during a period when he was prevented, by no fault of his own, from performing the duties of his office, could not be deducted from his recovery of unpaid salary for that period.”
From the original date of dismissal, plaintiff could not perform his duty. This was not by reason of his fault but rather because of the Commissioner’s error in dismissing rather than disciplining. Plaintiff does not seek recovery of back pay for a period of suspension the cause of which has been confirmed. The original oversight of failure to suspend cannot justify resort to conviction as a basis for refusal to pay during a period in which, save for a fine, plaintiff had the right to office and the pay which goes with it. Otherwise, plaintiff’s fault is extended from the period measured by discipline, and stretched over a much longer period, justifying the fault of another. The right to recover back pay in these circumstances was confirmed in Matter of Fuller v. Levitt (33 Misc 2d 708), save that plaintiff there was an employee, not an officer, and income from outside employment was deductible. And as stated in Brenner v. City of New York (9 N Y 2d 447, 451) “ Forfeiture or withholding of pay implies that the member is not suspended and that he continues to perform his services on the force.” The final punishment here was by way of discipline which expressed fully the deprivation of benefits. Failure to perform duty in *848 a period beyond final punishment is not plaintiff’s fault, but the error of the Commissioner. The record discloses that upon conviction of the charges there was imposed as a substitution for dismissal “ the penalty of 30 days’ pay.” Thus there is no suspension with or without pay here involved, but merely of discipline by the withholding of pay (Administrative Code, § 434a-14.0) and no basis for the withholding of pay after deduction of the fine thus imposed.
The motion is granted. Settle order.