■ MADELAINE BERGER, Appellant, v FETE CAB CORP. et al., Respondents. —Order, Supreme Court, New York County, entered May 10, 1976, in this negligence action to recover for personal injuries, granting defendants' motion to the extent of requiring production by plaintiff of copies of her income tax returns for 1973, 1974 and 1975 for discovery and inspection, unanimously affirmed, with $40 costs and disbursements, of this appeal payable to respondents Pickett by appellant and the plaintiff ordered to produce copies of those returns within 20 days after service of a copy of the order to be entered hereon, or as the parties may otherwise agree. As a rule the appellant will be precluded from raising on appeal an issue not raised at Special Term *(Matter of Angel Fabrics [Cravat Pierre, Ltd.],* 51 AD2d 951). Even so, while disclosure of tax returns is generally not favored (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.10), special circumstances may require their production *(Fugazy v Time,* 24 AD2d 443). Where, as here, loss of income is an element of damages, special circumstances exist when alternative sources for such information are unreliable, lacking or overly burdensome *(Coleman v Myers,* 29 AD2d 727; *Niagara Falls Urban Renewal Agency v Friedman,* 55 AD2d 830). There are dominant special circumstances here. Plaintiff has had a nomadic employment record, at least seven jobs in a year and a half. Despite her promises, she has failed to disclose the names of her employers, making resort to employer records presently impossible. The impermanence and variety of plaintiff's jobs suggest that such records may be lacking. So advised, the Special Term's order was not an abuse of its discretion. Concur—Kupferman, J. P., Silverman, Markewich and Lynch, JJ.