■ In the Matter of DOROTHY HERMANCE, Respondent, v ROBERT PRITCHARD, as City Planner of the City of Kingston, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered July 22, 1981 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted that part of petitioner's application seeking annulment of a one-year medical leave of absence ordered by the Mayor of the City of Kingston. In a disciplinary action under section 75 of the Civil Service Law, petitioner, a bus dispatcher, was charged with excessive absenteeism. A hearing officer found her guilty of misconduct because of nine unauthorized absences for which she failed to submit satisfactory evidence of an injury or illness as required by a bargaining agreement entered into between her union and the City of Kingston. As punishment, the Mayor demoted and fined petitioner and placed her on "a one year leave without pay because of an ordinary disability not work related", effective September 12, 1980. He also advised that she would be terminated if she was "absent from the position upon expiration of the leave of absence". This article 78 proceeding was brought to annul the decision and the penalties imposed. Although Special Term sustained the demotion and fine, it found illegal the payless one-year leave of absence, prompting respondent to appeal. Section 75 enumerates the authorized penalties following a determination of guilt. The imposition of a year's leave without pay is not among them. Nor does section 72 of the Civil Service Law provide a basis for such a penalty, for its provisions respecting medical certification of petitioner's unfitness were not observed. Also unavailing is respondent's belated attempt to rely upon section 509-k of the Vehicle and Traffic Law as authorization for his action. Since this theory, whatever its merit, was never advanced at the disciplinary hearing, it cannot properly be invoked for the first time on appeal (*Berger v Fete Cab Corp.*, 57 AD2d 784). Judgment affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.