OPINION OF THE COURT
Lucille Polk Buell, J.
Petitioner moves for a judgment pursuant to CPLR article 78 reinstating petitioner to his former civil service employment position with full retroactive payment of wages and emoluments as if petitioner were not terminated. Petitioner also seeks the alternative relief of imposition of a lesser penalty on remission of this matter to an appropriate party for imposition of an appropriate penalty.
BACKGROUND
Petitioner was employed by respondents as a custodian for approximately 13 years. In November, 1980 he was served with a set of charges of misconduct. Pending the hearing and determination of the charges he was suspended without pay for 30 days from November 19,1980 to December 18,1980. He was suspended with pay beginning December 19,1980. A statutory hearing on the misconduct charges was held on January 6,1981 and January 29,1981 and the written report of the hearing officer found petitioner guilty of certain charges, dismissed other charges and recommended as a penalty the one-month suspension without pay which petitioner had already incurred.
After the issuance of the hearing officer’s report, respondent board voted to terminate petitioner from his employment effective May 1, 1981. Petitioner brought a proceeding in this court pursuant to CPLR article 78 seeking a review of the termination order. The application was referred to the Appellate Division, Second Department, by *810 this court (Wood, J.), by order dated November 5,1981. By decision and order dated November 1, .1982, the Appellate Division, Second Department, granted the petition to the extent of vacating the penalty imposed and remitting the matter to respondent board for the imposition of a new penalty.
A resolution of respondent board dated February 28, 1983 imposed a new penalty of suspension without pay for 30 days from November 19, 1980 to December 18, 1980, and suspension without pay for the period of May 1,1981 to such date, no earlier than 10 days after the date of the resolution, when petitioner returns to work. Petitioner returned to work for respondent board on April 1, 1983.
Petitioner contends, inter alla, that the penalty of a 22-month suspension without pay violates the applicable provisions of the Civil Service Law, is excessive and an abuse of discretion, and is unconstitutionally imposed.
DISCUSSION
Subdivision 3 of section 75 of the Civil Service Law provides in relevant part: “If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty.”
Respondents contend that the limitations contained in the above section with regard to penalties or punishments do not apply to respondent board in the instant case. Respondent’s authority for this contention is based upon the inherent power of the courts pursuant to CPLR 7803 to review the measure or mode of penalty or discipline imposed and to impose a reduced penalty or punishment. (See Matter of Mitthauer v Patterson, 8 NY2d 37; Matter of Boddie v County of Westchester, 41 AD2d 546, affd 33 NY2d 835; Matter of Lo Bello v McLaughlin, 39 AD2d 404.) Respondents contend that the penalty imposed by the board in the instant matter is precisely that imposed by the *811 Appellate Division, First Department, in Matter of Pauling v Smith (46 AD2d 759).
Respondents contend that the decision and order of the Appellate Division herein made respondent board the court’s agent for determining the proper penalty and therefore respondent board may impose any penalty it deems appropriate which the Appellate Division might impose, irrespective of the statutory limitations set forth in section 75 of the Civil Service Law.
This contention must be rejected. In each of the above-cited cases, the respective courts modified the penalties which had originally been imposed. Respondents have not produced for this court’s consideration, nor has this court’s research revealed a case in which any court has held that upon remand for imposition of an appropriate penalty, a respondent may impose a penalty in excess of that permitted by section 75 of the Civil Service Law.
Acceptance of respondent’s position in the instant matter would necessarily mean that a respondent, whose original penalty is deemed excessive by a court, and who is granted the opportunity to impose an appropriate penalty, is totally unrestricted by any appropriate statutory limitations and may impose whatever penalty said respondent might create. It is clear that the exercise of such unbridled discretionary power is inappropriate, especially in view of the fact that it could only be exercised by those respondents whose original penalty was deemed excessive by a court and could not be exercised by a respondent whose original penalty was appropriate and in compliance with statutory limitations.
The basic unfairness of the situation created herein is reflected by the fact that the penalty imposed corresponds precisely with the period between petitioner’s original suspension and his return to his former employment. It appears that respondent board concluded that any delays between the time petitioner was originally suspended and the date of the board’s resolution which is at issue he’rein are attributable to petitioner. However, the board’s resolution does not state whether or not it considered the reasons set forth by the parties in the papers before this court for the various periods of delay in this matter.
*812 CONCLUSION
Respondent board’s determination suspending petitioner pursuant to its resolution dated February 28, 1983 is annulled and this matter is remitted to respondent board for the imposition of an appropriate penalty in compliance with section 75 of the Civil Service Law and for a determination upon a sufficient record concerning the credits to which respondent board is entitled upon its obligation to petitioner, if any, for unpaid wages.