In the Matter of BROOKLYN UNION GAS COMPANY, Respondent, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Appellant, and CITY OF NEW YORK, Intervenor-Appellant.

Third Department, May 24, 1984

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Maurice K. Peaslee* and *Peter H. Schiff* of counsel), for appellant.

*Frederick A. O. Schwarz, Jr., Corporation Counsel (John P. MacArthur* of counsel), for intervenor-appellant.

*Cullen & Dykman (F. Peter O'Hara, Lewis Orgel* and *Herman Meltzer* of counsel), for respondent.

KANE, J.

Petitioner is a distributor of natural gas servicing Kings County, Richmond County and one half of Queens County. In April, 1980, the State Board of Equalization and Assessment (SBEA) made a tentative equalized valuation of petitioner's special franchises for the tax year 1980-1981. Dissatisfied with the equalization rates employed and the assessments made, petitioner filed for a reduction in the valuation and assessment of its special franchises. This complaint, however, resulted in an increase in the final equalized valuation, reflecting a revised city-wide equalization rate, rather than the sought after reduction. Petitioner then instituted this proceeding against the SBEA pursuant to article 7 of the Real Property Tax Law challenging its final equalized valuation of $138,533,622 for Kings County, $76,771,033 for Queens County and $46,284,099 for Richmond County on the ground of overvaluation, inequality and illegality. The two latter grounds were subsequently abandoned, and at trial petitioner limited its proof to overvaluation. The City of New York was granted permission to intervene in this proceeding.

Conflicting expert testimony was presented at trial by petitioner and the City of New York, with the SBEA adopting the testimony of the city's expert and not presenting any independent expert of its own. The witnesses disagreed, both as to value and the method of determining value. At the conclusion of the trial, the court, in a written decision, adopted the theory of petitioner's experts, rejected the testimony of the city's expert, and found that petitioner had overcome the presumption of validity of the SBEA's assessments. In accordance with its findings, the judgment of the court reduced the special franchise assessments to $83,336,183 for Kings County, $45,511,625 for Queens County and $25,990,355 for Richmond County.

The key issue to be resolved on this appeal is whether the court was correct in accepting petitioner's evidence of valuation and, particularly, the capitalization of income approach used by its appraisers in determining value.

■ It is the rule that courts should not establish an exclusive rule for franchise valuation which would apply in

all cases. However, if in a particular case there is only one reasonable method of determining the true value of the special franchise, it is the duty of the assessing authority to use that method (*People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Comrs.,* 196 NY 39, 51). Applying that rule to the matter at hand, we conclude that the trial court was correct. Petitioner's physical facilities are a combination of old and new. Some 63% of its transmission lines are large cast iron mains with joints every 10 feet, operating at low pressure and requiring frequent repairs, while others are high pressure lines of steel which also require replacement with modern noncorrosive materials. Changes in demand for gas, both residential and commercial, require continuous modifications and improvements necessitating over 26,000 permits from the city in the year 1979 alone. Under these circumstances, both of petitioner's appraisers, recognized experts in the field of public utilities and eminently qualified, rejected the reproduction cost less depreciation method for determining value. The record demonstrates the validity of that reasoning for the simple reason that the system would never be reproduced in its present form but would be replaced with a new completely modern system. Reproduction means replacement with an exact model, in the parlance of an expert real estate appraiser. In this case, such a procedure is totally unrealistic.

Because of the unusual nature of a special franchise, a difficult appraisal problem is presented. We are of the view that the method selected by petitioner's appraisers was proper. It was, essentially, the capitalization of income method of approach, arrived at by calculating the income attributable to the special franchise by determining the ratio of rate base value of the special franchise to the total rate base value of the entire facility, and applying that ratio to petitioner's operating income. The over-all rate of return applied to income was obtained by traditional methods after examining returns on equity throughout the entire gas industry. Since the market data approach could not be considered because of the lack of comparable sales, and the facility could not be considered a specialty since it is unreasonable to conclude that the facility could be replaced on an economic basis (*Matter of County of Suffolk*

[*C. J. Van Bourgondien, Inc.*], 47 NY2d 507, 511; *Colonie Hill v Boncore,* 87 AD2d 581, mot for lv to app den 57 NY2d 608), the capitalization of income method used herein provides the most accurate method of determining value (*Matter of Food Fair v Board of Assessment Review,* 78 AD2d 335, 337; *Matter of Niagara Mohawk Power Corp. v Public Serv. Comm.,* 52 AD2d 388, 390, mot to dismiss app granted 40 NY2d 844, mot for lv to app den 40 NY2d 806). Moreover, we would reach the same result even if the facility was considered a specialty.

■ Additionally, we find no error in the trial court's initial determination that the city's expert witness was qualified as such and thereafter rejecting his entire testimony when his relative lack of adequate qualifications on the issue at hand became manifest (*Felt v Olson,* 74 AD2d 722, affd 51 NY2d 977). Furthermore, the court properly rejected his testimony as entitled to no weight, since it was founded upon an unacceptable method of valuation. Finally, we view the SBEA's argument that they were deprived of the testimony of their own appraiser as a result of the court's ruling without merit. If, as contended, their appraiser had been in the courtroom and available, an application to the court for an opportunity to produce this witness could have been made at any time. The SBEA elected to rely upon the city's appraiser, and they are bound by their own judgment and trial strategy.

■ In summary, the record demonstrates that the presumption of validity of the SBEA assessment has been overcome and the method of assessment offered by petitioner was correct in both form and application (*Matter of Katz Buffalo Realty v Anderson,* 25 AD2d 809).

The judgment should be affirmed, with costs.

MAIN, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, with costs.