In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPO-
RATION et al., Appellants, v STATE BOARD OF EQUALIZA-
TION AND ASSESSMENT, Respondent, and NIAGARA-
WHEATFIELD CENTRAL SCHOOL DISTRICT, Intervenor.
(And Seven Other Proceedings.)

Third Department, August 23, 1984

### APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle (David M. Lascell, G. Robert Witmer, Jr., Robert M. Lascell* and *Allan E. Floro* of counsel), for appellants.

*Robert Abrams, Attorney-General (Maurice K. Peaslee* and *Peter H. Schiff* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioners are two subsidiaries of the National Fuel Gas Company. National Fuel Gas Supply Corporation is a wholesaler which buys natural gas and sells it to distributors. National Fuel Gas Distribution Corporation is such a distributor and it supplies natural gas to retail customers in western New York as well as parts of Pennsylvania and Ohio. In April of 1980, the State Board of Equalization and

Assessment (SBEA) made a tentative equalized valuation of petitioners' special franchise property. Petitioners' challenge to the tentative assessments, as erroneous by reason of overvaluation, inequality and illegality, was rejected by the SBEA. Petitioners then instituted proceedings pursuant to article 7 of the Real Property Tax Law contesting the final valuations on their special franchise property. The proceedings were ultimately dismissed and these appeals by petitioners ensued.

A special franchise is the right to construct, maintain or operate mains, pipes and wires for conducting water, steam, light, electricity or gas in, under, above or upon a public street or other public place (Real Property Tax Law, § 102, subd 17). For purposes of assessment and taxation, both the right to maintain and operate are taxed as well as the tangible property used in connection therewith situated in, under, above, upon or through the public area. Section 600 of the Real Property Tax Law vests exclusive authority in the SBEA to determine the assessed valuation of all special franchise property located in this State. In an action challenging an assessment, the value determined by the SBEA carries a presumption of validity (*People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Comrs.*, 196 NY 39, 53; see, also, *Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 83 AD2d 355, 357, affd 58 NY2d 710). The scope of judicial review is whether the specific valuation method employed by the SBEA is correct in form and application (*Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, supra,* p 357).

In the instant case, the SBEA valued petitioners' property using the "reproduction cost new less depreciation" method, which considers the hypothetical cost to construct the already existing structure at a desired valuation date and at present material and labor rates, less an element of depreciation which includes physical depreciation and obsolescence (see Lee and LeForestier, Review and Reduction of Real Property Assessments in New York [2d ed], § 1.05, p 8). Petitioners argue that, because of the nature of the property involved, the "capitalization of income method" is a more accurate measure of value. Such method determines the income attributable to the special franchise by

determining the ratio of rate base value of the special franchise to the total base value of the entire facility and applying that ratio to the utility's operating income.

The SBEA used the reproduction cost new less depreciation method because it viewed petitioners' property as a "specialty" and case law suggests that the reproduction cost new less depreciation method is the only way to valuate a specialty (see *Matter of County of Suffolk [C. J. Van Bourgondien, Inc.]*, 47 NY2d 507, 511). In a recent case, this court held that property similar to that which is the subject of these appeals is not specialty property and that the capitalization of income method would therefore be permissible as a means of valuation (*Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment*, 101 AD2d 414). The record in the instant case demonstrates no reason to treat the property involved here differently from the property in *Brooklyn Union* for the purpose of determining that it is not specialty property.

Since the SBEA made its valuation based solely on the reproduction cost new less depreciation method, the matter must be remitted to that agency for reconsideration in light of the fact that the capitalization of income method is an acceptable method for assessing the value of the property at issue.

The judgments should be reversed, on the law and the facts, without costs, the petitions granted to the extent that the final 1980 assessments for the purpose of real property taxation of petitioners' special franchise properties for the 1980-1981 tax year are annulled, and the matter remitted to the State Board of Equalization and Assessment for further proceedings not inconsistent herewith.

The appeals from the orders denying petitioners' post-trial motions to reopen should be dismissed as academic, without costs.

Casey, Weiss and Mikoll, JJ., concur.

Judgments reversed, on the law and the facts, without costs, petitions granted to the extent that the final 1980 assessments for the purpose of real property taxation of petitioners' special franchise properties for the 1980-1981 tax year are annulled, and matter remitted to the State

Board of Equalization and Assessment for further proceedings not inconsistent herewith.

Appeals from orders dismissed as academic, without costs.