■ In the Matter of BROOKLYN UNION GAS COMPANY, Appellant, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and CITY OF NEW YORK, Intervenor-Respondent.— Mahoney, P. J. Appeal from a judgment of a Special Referee, entered February 5, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Real Property Tax Law article 7, to review respondent's special franchise assessment on certain real property owned by petitioner for the years 1975-1976 through 1979-1980.

Petitioner, a public utility corporation, commenced this proceeding pursuant to Real Property Tax Law article 7 challenging special franchise assessments made by respondent, the State Board of Equalization and Assessment (SBEA), for the tax years 1975-1976 through 1979-1980. The parties exchanged appraisal reports pursuant to the rules of this court (22 NYCRR 839.2) on October 30, 1979. Petitioner's

appraisal reports utilized the "capitalization of income" method for valuation of its special franchise property. The appraisal report of SBEA relied on a valuation method known as "reproduction cost new less depreciation". It had been held that this latter method was the proper method of valuation for "specialty" property (see, Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236, 240; Matter of Onondaga County Water Dist. v Board of Assessors of Town of Minetto, 39 NY2d 601, 605). Petitioner moved for permission to file a supplemental appraisal report using the reproduction cost new less depreciation method pursuant to 22 NYCRR 839.2 (e) which allows for the late filing of appraisal reports "upon good cause shown". Special Term granted such motion, but this court reversed on the ground that petitioner failed to establish good cause for the late filing (85 AD2d 756) (see, Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, 83 AD2d 355, 358-359). The Court of Appeals affirmed on the narrow ground that this court's decision was not incorrect as a matter of law (58 NY2d 713). Special Term then appointed a Referee to determine the proceeding.

While this proceeding was pending, petitioner commenced a separate proceeding challenging its special franchise assessments for the 1980-1981 tax year. Ultimately, this court held that petitioner's property was not specialty property and that, therefore, capitalization of income was an acceptable method of valuation (Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment, 101 AD2d 414; see also, Matter of National Fuel Gas Distrib. Corp. v State Bd. of Equalization & Assessment, 103 AD2d 187).

On May 31, 1985, the Referee issued his decision in the instant proceeding. He held that the capitalization of income method of valuation, rather than the reproduction cost new less depreciation method, was proper and annulled SBEA's assessment. Subsequently, this court's decisions in the 1980-1981 tax year proceedings were reversed by the Court of Appeals, which held that the property was a specialty for which the reproduction cost new less depreciation method is the appropriate method of valuation (65 NY2d 472). This resulted in a number of postdecision motions being made to the Referee, including a motion by petitioner for permission to file a supplemental appraisal report based on the reproduction cost new less depreciation method. The Referee issued a supplemental decision which reversed his earlier decision, denied petitioner's motion and confirmed SBEA's assessments. This appeal ensued.

In our view, petitioner should be given an opportunity to submit supplemental appraisal reports using the reproduction cost new less depreciation method of valuation. SBEA and the City of New York maintain that this court already denied such relief in the earlier appeal (85 AD2d 756, *supra)* and that such decision is the law of the case. The doctrine of law of the case is not inflexible and it may be ignored in extraordinary circumstances *(Foley v Roche,* 86 AD2d 887). While it may be true that the recent decision of the Court of Appeals holding that petitioner's special franchise property must be valued by the use of the reproduction cost new less depreciation method (65 NY2d 472, *supra)* does not represent a change in the law so much as a reaffirmation of prior law, the issue has been sufficiently unsettled that good cause exists for allowing the submission of supplemental appraisal reports. After such submission, another hearing can be held at which the parties' appraisal reports based upon the reproduction cost new less depreciation method may be introduced.

Judgment reversed, on the facts, without costs, petitioner's motion for permission to file supplemental appraisal report granted on the condition that such report be filed within 10 days after service of a copy of the order to be entered upon this decision with notice of entry, and matter remitted to Supreme Court for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.