■ JOHN A. CIANCIO, Respondent, v WOODLAWN CEMETERY ASSOCIATION, Appellant, et al., Defendant. WOODLAWN CEMETERY ASSOCIATION, Third-Party Plaintiff-Appellant, v WESTCHESTER VAULT Co., INC., Third-Party Defendant-Respondent. [618 NYS2d 816] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about June 28, 1993, which granted defendant-appellant's motion to compel production of certain post-accident hospital records to the limited extent of ordering an in camera inspection of same, and denied defendant-appellant's request for plaintiff's post-accident tax returns, unanimously affirmed, without costs.

In this action for personal injuries where plaintiff has alleged, *inter alia,* a claim for lost earnings, the IAS Court properly granted appellant's motion to the limited extent of

ordering an in camera inspection of post-accident hospital records of treatment received by plaintiff for an undisclosed medical condition which plaintiff maintains is unrelated to the injuries claimed in the action. Appellant has failed to date to show that these records are material and necessary to its defense of plaintiff's claim for lost earnings (cf., *Caplow v Otis El. Co.,* 176 AD2d 199; see, *Iseman v Delmar Med.-Dental Bldg.,* 113 AD2d 276, 279). The remedy fashioned by the IAS Court is reasonable.

We additionally find proper the IAS Court's denial of appellant's request for production of plaintiff's income tax records for periods after the accident since appellant's asserted need to verify plaintiff's disability and claimed lost earnings may be satisfied by resort to alternative sources (see, *Berger v Fete Cab Corp.,* 57 AD2d 784). Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.