■ ABRAHAM BECKER et al., on Behalf of Themselves and All Other Employees Similarly Situated, Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [671 NYS2d 88] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered January 17, 1997, which, *inter alia*, denied the respective cross motions for summary judgment filed by defendant New York City Housing Authority and the other municipal defendants, unanimously reversed, on the law, without costs, the cross motions granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The facts of this case are not in dispute. Plaintiffs, former managerial employees of the City of New York, elected to take advantage of early retirement between July 1, 1990 and June 30, 1992. Subsequently, a retroactive salary increase of 3.5 percent was granted to managerial employees by executive order (Mayor's Personnel Order No. 92/6 [Aug. 13, 1992]). The order expressly conditions eligibility for the increase on active duty status as of June 30, 1992. Plaintiffs thereafter instituted this action on behalf of themselves and other similarly situated employees seeking to recover both back pay and increased pension benefits under the executive order. The complaint asserts a contract claim based upon violation of article V (§ 7) of the New York State Constitution and three separate discrimination claims under the Age Discrimination in Employment Act of 1967 (ADEA; 29 USC § 621 *et seq.*) and analogous provisions of the New York State and New York City Human Rights Laws (Executive Law § 296 [1] [a]; Administrative Code of City of NY § 8-107 [1] [a]). In the order subject to appeal, Supreme Court denied plaintiffs' motion for summary judgment on their claims and denied defendants' cross motions for summary judgment dismissing the complaint.

Article V (§ 7) of the New York State Constitution provides that "membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired." Plaintiffs argue that the Mayor's Personnel Order constitutes an impairment of their contractual relationship with the City and should therefore be held void under State law. However, the constitutional protection invoked by plaintiffs extends only to existing rights, which may not be infringed by subsequent legislation or executive action (*see, Kleinfeldt v New York City Employees' Retirement Sys.*, 36 NY2d 95; *Matter of Clanton v Spinnato*, 131 AD2d 475, *lv denied* 70 NY2d 606). *Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth.* (56 AD2d 53, 60-61), relied upon by plaintiffs, is distinguishable. In that case, the offending statute prohibited the payment of increased pension benefits calculated on the basis of wage increases scheduled under a collective bargaining agreement. Here, by contrast, the wage increase at issue was not an existing contractual obligation of the employer at the time plaintiffs elected to take early retirement. In addition, the increase to be given to an eligible employee under the executive order is based on the individual's performance rating and not on an amount fixed by contract.

Plaintiffs' claim is not based on the violation of any contractual right (*see, Civil Serv. Empls. Assn. v Regan*, 129 AD2d 378, *affd* 71 NY2d 653). Rather, plaintiffs challenge the decision of the Housing Authority to exclude them from eligibility for the retroactive salary increase. As their complaint does not implicate the constitutionality of the statute, their claim is subject to the four-month Statute of Limitations applicable to judicial review of administrative actions (CPLR 217; *Goodman v Regan*, 151 AD2d 958, 959-960). We note, however, that defendants did not assert the time bar in their answer or in a pre-answer pleading, their motion to amend their complaint did not contain the proposed amended pleading and the affidavits in support of amendment address only the timeliness of the complaints filed with the Equal Employment Opportunity Commission and not the commencement of the action. Defendants therefore waived the issue.

Plaintiffs' claims of age discrimination assert that the Mayor's Personnel Order, while neutral on its face, has a disproportionate impact on older employees. Neither the United States Supreme Court nor the Court of Appeals has ruled conclusively that disparate impact, as opposed to disparate treatment, constitutes age discrimination (*Hazen Paper Co.*

*v Biggins*, 507 US 604, 610 [1993]). But assuming, for the purposes of this summary judgment motion, that disparate impact is a viable theory of recovery under the ADEA, plaintiffs have nevertheless failed to establish a prima facie case. Specifically, they have not demonstrated that the challenged determination had a discriminatory impact, and that the asserted disproportionate impact on older employees was the result of the challenged determination (*District Council 37 v New York City Dept. of Parks & Recreation*, 113 F3d 347, 356 [2d Cir 1997]). Although plaintiffs may make the necessary showing by means of statistical evidence (*e.g., Georgia State Conference of Branches of NAACP v State of Georgia*, 775 F2d 1403, 1417), their burden is not met by submission of a two-page summary asserting that such evidence can be produced if needed (*Geller v Markham*, 635 F2d 1027, 1032-1033 [2d Cir 1980], *cert denied* 451 US 945). Irrespective of the persuasiveness of the unproduced evidence, it was unavailable to Supreme Court in deciding the motion. An appellate court is bound by the record (*Block v Nelson*, 71 AD2d 509), and our review is confined to the evidence before the motion court (*Broida v Bancroft*, 103 AD2d 88, 93 [Titone, J.]).

The significance of any statistical showing plaintiffs might make is questionable in the absence of an established contractual right to the retroactive salary increase at issue. Plaintiffs' thesis is that because the salary increase did not extend to them as retirees, the executive order had a disparate impact upon older employees, thus violating the ADEA. However, it is axiomatic that any group of people who elect early retirement will be comprised of older workers because only senior employees—by virtue of age, length of service or some combination of the two—qualify to participate in an early retirement plan. Plaintiffs had the option to decline participation, and their election necessarily entails an exchange of the benefits of employment for those of retirement. In the final analysis, plaintiffs are unable to demonstrate that the actions taken by defendants are devoid of a substantial legitimate justification (*Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 322-323). The challenged order, in seeking to reward managers in active pay status, raise morale and provide incentives to current managerial employees, advances nondiscriminatory employment interests of the municipal defendants (*Geller v Markham, supra*, at 1032). Nor have plaintiffs suggested alternative methods that would serve the employers' goals while producing a less discriminatory impact (*Campaign for Fiscal Equity v State of New York, supra*, at 323). Concur—Wallach, J. P., Rubin, Williams, Mazzarelli and Saxe, JJ.