OPINION OF THE COURT
Alice Schlesinger, J.
*933 Plaintiff commenced this action for damages based on injuries he allegedly sustained in 1998 while working on a barge docked in the East River as part of a Consolidated Edison (Con Ed) project to repair its pier there. He seeks, among other things, to recover for loss of income under the federal Longshore and Harbor Workers’ Compensation Act (LHWCA). Defendants Reicon and Reinauer move to compel the production of plaintiffs tax returns. Defendants D’Onofrio and Con Ed join in the motion. Plaintiff opposes, insisting that defendants already have plaintiffs W-2 statements and answers to interrogatories attesting to after-tax income.
The motion is granted. Plaintiff correctly notes that the First Department does not encourage the disclosure of tax returns when alternate sources of information are available. (See, e.g. Ciando v Woodlawn Cemetery Assn., 210 AD2d 9 [1st Dept 1994].) However, defendants point to various federal cases which emphasize the importance of calculating lost earnings under LHWCA based on after-tax earnings. (See, e.g., Jones & Laughlin Steel Corp. v Pfeifer, 462 US 523 [1983]; Norfolk & W. Ry. Co. v Liepelt, 444 US 490 [1980]; Fanetti v Hellenic Lines Ltd., 678 F2d 424 [2d Cir 1982].) Plaintiff makes no attempt to dispute the proposition of law or distinguish the cases. Rather, he argues that the evidence produced is a sufficient alternative to tax returns. Considering the detailed calculations required to be made, the court finds that the disclosure of the tax returns is appropriate on balance.
Accordingly, it is hereby ordered that defendants’ motion is granted.