■ YOUSSEF TOKKO, Appellant, v CONSOLIDATED EDISON CO., Respondent. [878 NYS2d 740]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered October 26, 2007, which, to the extent appealed from, denied plaintiff's motion to restore the first, second and fifth causes of action asserted in the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered November 6, 2008, which, to the extent appealed from, denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs.

Plaintiff, a general utility worker employed by defendant, asked certain questions about manhole safety that an instructor at defendant's Learning Center deemed suspicious and reported to his manager. Defendant's security official thereafter notified the police department, which in turn sent a report to a Joint Terrorist Task Force. The Task Force investigated the concerns about plaintiff and found them unsubstantiated. Plaintiff claims that he suffers from post-traumatic stress disorder (PTSD) as a result of this incident and consequently has been unable to pass the practical examination required to advance to the next level, mechanic B. He alleges that he was discriminated against on the basis of his race (Arab), national origin (Lebanese), and religion (Islam), in violation of the New York State Human Rights Law (Executive Law § 296) and Administrative Code of the City of New York § 8-107.

Plaintiff's motion to restore the action was properly denied since plaintiff failed to allege that the mechanic B test had a disparate impact on a group of which he was a member (see Becker v City of New York, 249 AD2d 96, 98 [1998]); he does not contend otherwise on appeal. To the extent plaintiff predicates his claim on the fact that he was reported to the authorities by defendant's instructor, it does not avail him because that report is protected by the Freedom to Report Terrorism Act (Penal Law § 490.00 et seq.). Plaintiff pleads no facts indicating that the report was made maliciously (see Penal Law § 490.01 [3]). In any event, he failed to offer adequate proof that the circumstances give rise to an inference of discriminatory intent. There is no evidence in the record that plaintiff was reported to the authorities because of his race, national origin or religion; the evidence shows that his questions were deemed suspicious because they were unusual, especially for a new, entry-level employee. Plaintiff's claim of hostile work environment fails because the instructor's report of suspicious behavior was a protected communication (see Penal Law § 490.01). While the report triggered the subsequent law enforcement investigation,

no action whatsoever was taken thereafter with regard to plaintiff at his place of employment. Defendant's security officer closed the file upon being informed by law enforcement authorities that any concerns about plaintiff had not been substantiated and had not been found to be credible. Plaintiff was not subjected to harassing remarks or treated poorly in any other manner at his workplace.

Plaintiff's motion for leave to amend the complaint was properly denied to the extent he alleges intentional tort and discrimination and hostile work environment in violation of Administrative Code § 8-107. To the extent his claim is predicated on disability, however, his allegations that he suffers from PTSD and that he experiences panic attacks whenever he is required to go to the Learning Center adequately state a cause of action based on failure to accommodate his known disability (see Administrative Code § 8-107 [15]). However, as the motion court noted, plaintiff has commenced another action in Supreme Court in which he is pressing his disability claim, as well as other claims, which effectively renders the motion to amend academic. Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.