■ In the Matter of METROPOLITAN TRANSPORTATION AUTHORITY, Relative to Acquiring Title in Fee Simple Absolute to Certain Real Property and Terminating Private Interests in

Vaults in Certain New York City Sidewalks, Required for the FULTON STREET TRANSIT CENTER PROJECT PHASE 2. 192 BROADWAY JEWELERS, INC., Doing Business as RENAISSANCE JEWELERS, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. [916 NYS2d 64]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered September 21, 2009, against claimant in favor of condemnor in the amount of $113,444.03, unanimously affirmed, without costs.

The trial court appropriately ordered claimant to produce its tax returns (see e.g. Berger v Fete Cab Corp., 57 AD2d 784 [1977]), especially since the only item admitted in evidence was a depreciation schedule (see Kornblatt v Jaguar Cars, 172 AD2d 590 [1991]). Claimant had failed to produce any receipts or other documents indicating the original cost of the trade fixtures for which it sought compensation (see Berger, 57 AD2d at 784), and the original cost of the trade fixtures was relevant to their value (see Matter of Village of Port Chester, 42 AD3d 465, 467 [2007]). Additionally, the depreciation schedule was relevant to the issue of ownership of the fixtures in question. If claimant had wished to show that the "equipment" on the depreciation schedule differed from the "trade fixtures" at issue in this case, it should have elicited testimony below; it may not introduce evidence for the first time on appeal (see e.g. Becker v City of New York, 249 AD2d 96, 98 [1998]).

It was an appropriate exercise of the trial court's discretion to credit the testimony of condemnor's expert over that of claimant's expert (see Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.], 205 AD2d 925, 926 [1994]). We decline to consider claimant's purported evidence of alleged perjury on the part of condemnor's expert, since it was not presented to the trial court (see Becker, 249 AD2d at 98).

Claimant failed to preserve its objection to the trial court's procedure of limiting the direct testimony of the parties' appraisers to correcting their reports. Claimant also failed to preserve its contention that the court unduly limited its cross-examination of condemnor's witness, and, in any event, it was within the court's discretion to limit the scope of cross-examination (see Matter of Friedel v Board of Regents of Univ. of State of N.Y., 296 NY 347, 352-353 [1947]) and rebuttal (see Coopersmith v Gold, 223 AD2d 572, 574 [1996], affd 89 NY2d 957 [1997]). In sum, claimant received due process and a fair trial.

The trial court properly excluded the storefront, walls and panels, fascia/soffit, doors, flooring, air conditioning system, partitions, trim, toilets, wall paneling, and wall tile from the fixture award, since these items had become an integral part of the real property (*see e.g. Marraro v State of New York*, 12 NY2d 285, 291-292 [1963]; *Matter of New York State Urban Dev. Corp. v Nawam Entertainment, Inc.*, 57 AD3d 249 [2008], *lv denied* 13 NY3d 701 [2009]). Even if, arguendo, the electrical wiring and plumbing installed by claimant were compensable under *Marraro* (*see* 12 NY2d at 296-297), they were properly excluded because, pursuant to claimant's lease, they became the landlord's property upon installation (*see Matter of City of New York [G & C Amusements]*, 55 NY2d 353, 361 [1982]; *Nawam*, 57 AD3d at 250-251).

The trial court properly excluded such items as an entry mat and a fan as personalty (*see Nawam*, 57 AD3d at 250). The court's valuation of claimant's chandelier and track lighting was within the range of expert testimony (*see Matter of City of New York [Reiss]*, 55 NY2d 885 [1982]).

The court erred in granting condemnor's motion for leave to file an amended appraisal (*see Salesian Socy. v Village of Ellenville*, 98 AD2d 927 [1983]). Condemnor argued that it showed good cause for the amendment because our holding in *Nawam* had clarified the law of fixtures (*see id.*; 22 NYCRR 202.61 [a] [3]). However, our reliance in *Nawam* on the provisions in a lease to find that certain items were not compensable was not new law (*see G & C Amusements*, 55 NY2d at 361); condemnor failed to show that this issue had been unsettled before our holding in *Nawam* (*see Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment*, 125 AD2d 803, 805 [1986], *lv dismissed* 70 NY2d 722 [1987]). However, the grant of condemnor's motion does not warrant vacating the judgment. The amended appraisal did not change the valuation of any item; it merely moved certain items from the compensable section to the noncompensable section. Whether an item is compensable (i.e., whether it constitutes a trade fixture) is a decision for the court, not for an appraiser. Even if condemnor had not been permitted to amend its appraisal, it would not have been bound by its placement of certain items in the compensable section (*see Nawam*, 57 AD3d at 251).

We have considered claimant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ. **[Prior Case History: 2009 NY Slip Op 31851(U).]**