OPINION OF THE COURT
Michael C. Lynch, J.
In January 2011, petitioner was terminated from his employ *636 ment as a custodian with the Hoosick Falls Central School District pursuant to the procedures set forth in Civil Service Law § 75. By memorandum and order dated March 29, 2012, the Appellate Division determined that the penalty of termination was “so disproportionate as to be shocking to one’s sense of fairness” and “remitted [the matter] to respondents for imposition of a less severe penalty” (Matter of James v Hoosick Falls Cent. School Dist., 93 AD3d 1131, 1133-1134 [2012]).
Following the Appellate Division’s order, the respondents directed petitioner to return to work on April 9, 2012. By resolution dated April 19, 2012, the respondent Board of Education of the Hoosick Falls Central School District imposed a penalty of a 14-month suspension and awarded back pay for a period of one month and 12 days. Now, petitioner commenced this proceeding to challenge the penalty imposed, arguing, inter alia, that the Board did not have the authority to impose a 14-month suspension.
In relevant part, the Civil Service Law provides that where, as here, a public employer disciplines a civil servant who has earned the procedural protections set forth in the statute, the employee may be suspended for a period of up to 30 days without pay pending a hearing on the charges. Further, if after the hearing,
“such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service; provided, however, that the time during which an officer or employee is suspended without pay may be considered as part of the penalty.” (Civil Service Law § 75 [3] [emphasis added].)
A public employer may not choose to impose a penalty in excess of those defined in Civil Service Law § 75 (3) (Matter of Hermance v Pritchard, 87 AD2d 962 [1982]; Carlstrom v Hauser, 54 AD2d 705 [1976]). Under certain circumstances, a reviewing court, should it determine that the penalty imposed is “disproportionate as to be shocking to one’s sense of fairness” (James at 1133), may have the authority to impose a penalty that is not enumerated within Civil Service Law § 75 (3) (Matter of Mitthauer v Patterson, 8 NY2d 37 [1960]). Since Mitthauer, the Court of Appeals has explained that as a general rule, “[a] *637 reviewing court is free to state the maximum penalty the record will sustain, but should leave the exact nature of the penalty to be imposed to the discretion of the agency” (Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874, 876 [1980]).
Here, petitioner alleges that respondents had no authority to impose a 14-month suspension. Respondents contend that when a case is remitted by the Appellate Division to the public employer for imposition of a new penalty, the two-month suspension limitation defined in Civil Service Law § 75 (3) does not apply. In support of their argument, respondents cite a number of cases wherein the Appellate Divisions have, in fact, imposed penalties that were in excess of or different from those defined within Civil Service Law § 75 (3) (see respondents’ mem of law at 14).
In a case that preceded Rob Tess Rest. Corp. and relied on Mitthauer, the Appellate Division, in Matter of Lo Bello v McLaughlin (39 AD2d 404 [1972]), held that a local statute that, like section 75 (3), defined the penalties that could be imposed did not limit the reviewing court’s authority to impose a longer suspension. In Matter of Boddie v County of Westchester (41 AD2d 546 [1973], affd 33 NY2d 835 [1973]), the Appellate Division, relying on Mitthauer and Lo Bello, reduced the penalty imposed from termination to suspension to the date of its decision. Further, as to the suspension it imposed, the Court opined that “[Civil Service Law § 75 (3)] purports to limit the length of suspension of a civil service employee found guilty of charges to a period not exceeding two months. This is no longer valid in the light of the holding of this court in [Lo Bello]” (Boddie at 546, citing Mitthauer).
Now, relying on the authority of Boddie, Mitthauer and Lo Bello, respondents contend that when a case is remitted for imposition of a new penalty, Civil Service Law § 75 (3) does not restrict the public employer’s authority with regard to the penalty it imposes. In this court’s view, however, neither Mitthauer, Lo Bello, nor Boddie resolves this question. In these cases, the issue was whether the reviewing court was authorized to impose a penalty that differed from the applicable law, i.e., Civil Service Law § 75 (3) or the local statute. The lesson of Mitthauer is that where a reviewing court concludes that the available penalties do not afford an “acceptable option,” the court has the authority to devise an alternative remedy (see e.g. Matter of McDougall v Scoppetta, 76 AD3d 338, 343 n 3 [2010]). If a reviewing court does not state otherwise, the public *638 employer’s authority remains restricted by the statute (Matter of Lee v Board of Educ. of Pelham Union Free School Dist., 120 Misc 2d 809 [1983]; see also Matter of Fuller v Levitt, 33 Misc 2d 708, 711 [1961] [by remitting without exercising its authority to define an appropriate penalty, “th(e) court must assume that the Appellate Division was cognizant of (Civil Service Law § 75 [3])].)”
It is a basic principle of statutory construction that courts should avoid judicial legislation (McKinney’s Cons Laws of NY, Book 1, Statutes § 73). Notably, Civil Service Law § 75 (3) sets forth in express terms the permissible penalties that may be imposed (compare e.g. Education Law § 3020-a, which allows the employer to impose a suspension of unlimited duration). In this court’s view, absent a directive from the Appellate Division, the respondents here had no authority to depart from the provisions of Civil Service Law § 75 (3) and impose a suspension in excess of two months.
The parties’ remaining contentions have been considered and are either without merit or, based on the foregoing, not necessary to resolve.
Accordingly, based on the foregoing, it is ordered and adjudged that respondents’ motion is denied; and it is further ordered and adjudged that the petition is granted; and it is further ordered and adjudged that the matter is remanded to respondents for further proceedings not inconsistent with the foregoing decision and order.