Palmiero v 417 E. 9th St. Assoc., LLC (2018 NY Slip Op 08449)





Palmiero v 417 E. 9th St. Assoc., LLC


2018 NY Slip Op 08449


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7855N 106138/10 590242/12

[*1] Bernadette Palmiero, etc., Plaintiff-Respondent,
v
417 East 9th Street Associates, LLC, et al., Defendants-Appellants, Thomas C. Tung, et al., Defendants. 
[And a Third Party Action]


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants.
Wilkofsky Friedman, Karel & Cummins, New York (Jonathan J. Wilkofsky of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 26, 2018, which denied defendants 417 East 9th Street Associates, LLC, Jakobson Properties, LLC, Peter Jakobson and Peter Jakobson, Jr.'s motion to vacate the note of issue and granted plaintiff's motion to quash a nonparty subpoena, unanimously affirmed, without costs.
Defendants failed to establish that unusual or unanticipated circumstances developed after the note of issue was filed that require additional discovery to prevent substantial prejudice to them (see 22 NYCRR 202.21[d]). Plaintiff has not converted this action into a wrongful death action, claimed any new or additional injuries, or served a supplemental bill of particulars (see Nikqi v Dedona Contr. Corp., 117 AD3d 620 [1st Dept 2014]; Schroeder v IESI NY Corp., 24 AD3d 180 [1st Dept 2005]).
The court properly granted plaintiff's motion to quash the nonparty subpoena, which sought to obtain an unredacted copy of the death certificate (see Budano v Gurdon, 97 AD3d 497, 499 [1st Dept 2012]; see also Ciancio v Woodlawn Cemetery Assn., 210 AD2d 9 [1st Dept 1994]). The cause of the decedent's death has not been placed at issue by the filing of a wrongful death claim or allegations of new or additional injuries. Moreover, defendants do not deny that they received the decedent's entire medical file, deposed him twice, and conducted medical examinations of him, and they have not shown that the death certificate is material and necessary in the defense of this action (compare Capati v Crunch Fitness Intl., 295 AD2d 181 [1st Dept 2002] [where no autopsy performed and cause of death not established by
medical records or death certificate, subpoenas for depositions of nonparty treating physicians should not have been quashed]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK