■ In the Matter of the Arbitration between the CITY OF TROY, Respondent, and TROY POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered September 11, 1979 in Rensselaer County, which granted petitioner's motion to confirm an arbitration award. Respondent Troy Police Benevolent and Protective Association was the duly recognized employee organization that represented the bargaining unit composed of police officers employed by petitioner City of Troy when, in 1976, it entered into negotiations with petitioner with regard to a labor relations contract for the years 1977 and 1978. An impasse in the negotiations was subsequently reached, however, and as a result respondent petitioned the New York State Public Employment Relations Board, pursuant to subdivision 4 of section 209 of the Civil Service Law, for the designation of a public arbitration panel to settle the subjects of negotiation upon which the parties could not agree. Such a panel was thereupon designated, and after it had conducted hearings relative to the matters in dispute, it issued its decision and award on May 10, 1978. The terms of the award were then incorporated into the contract which the parties executed on June 21, 1978, and petitioner thereafter sought a modification of the panel's award in Supreme Court, Rensselaer County, after the panel itself had refused to make a modification. By order entered November 23, 1978, Special Term granted petitioner's request to the extent of changing the salary schedules in the award which was otherwise confirmed. With these circumstances prevailing, petitioner agreed to make salary payments to its police officers in accordance with the panel's award as modified by Special Term, but respondent insisted that the payments must be made in accordance with the contract executed by the parties which contained the terms of the panel's award before the modification by Special Term. Once again arbitration was sought by respondent, and the issue submitted to the arbitrator for decision was: "has the City violated the Agreement [i.e., the contract executed by the parties] as alleged in the Demand for Arbitration, and if so, what shall the remedy be?" Following a hearing, the arbitrator upheld petitioner's position and determined that it had not violated the contract, and this award was confirmed by Special Term. Respondent now appeals, and we hold that Special Term's order should be affirmed. In so ruling, we note that "Arbitrators may do justice" (Lentine v Fundaro, 29 NY2d 382, 386) and need not interpret documents literally or according to principles of substantive law or rules of evidence (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578). Indeed, an arbitrator's award will be set aside only when it is "completely irrational" (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383) or where the document at issue expressly limits or is construed to limit the arbitrator's powers (Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.], 25 NY2d 451, 456, 457), and such is plainly not the case here. In this instance, not only has no limitation on the arbitrator's powers been demonstrated, but also the rationality of the challenged award is clear upon the present record. By incorporating the terms of the panel's original award in the executed contract, the parties plainly agreed to abide by the terms of the panel's determination as it then stood or as it should subsequently be modified in accordance with law. That this must be the case is even more conclusively established by the fact that the parties were statutorily required to abide by the panel's determination (Civil Service Law, § 209, subd 4, par [c], cl [vi]). Furthermore, the pertinent statute (Civil Service Law, § 209, subd 4, par [c], cl [vii]) likewise makes the panel's award subject to judicial review such as was had in this case, and that being so the arbitrator necessarily had to consider Special Term's

modification of the panel's award in making his determination as to whether or not the parties' agreement had been violated by petitioner and correctly concluded that, under the terms of the agreement, the parties were required to abide by the panel's determination as modified. In sum, the arbitrator reached a rational result in an obvious attempt to do justice, and his determination was properly confirmed by Special Term (cf. *Rochester City School Dist. v Rochester Teachers Assn., supra*). Order affirmed, without costs. Sweeney, J.P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.