■ In the Matter of ABBY MURRAY, Appellant, v LONG ISLAND UNIVERSITY, C.W. POST CENTER, Respondent. — Appeal from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated September 30, 1983, which dismissed a petition to vacate or modify an arbitration award and granted the respondent's cross application to confirm said award.

Judgment affirmed, with costs.

Petitioner's allegations that the arbitrator exceeded his power or made an award on a matter not submitted are without merit. The collective bargaining agreement restricted the arbitrator to the determination of procedural issues only. However, the facts clearly show that he did not pass upon the merits of respondent's decision not to reappoint petitioner as a teacher. Indeed, the few brief references in the arbitrator's opinion to the allegations of petitioner's inadequacy were made exclusively for the purpose of

determining a proper award *after* the arbitrator found that respondent was guilty of a procedural violation of the agreement. No finding was ever made concerning whether petitioner's performance was in fact inadequate.

Moreover, we are not persuaded by petitioner's contention that the monetary award was "irrational" and that the only proper remedy here was reinstatement. Arbitrators have great discretion in fashioning remedies for aggrieved parties, and they are not bound by substantive rules of law in fixing their awards (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299; *Lentine v Fundaro*, 29 NY2d 382). Under the present facts, it cannot be said that the instant award was "irrational" or that it violated any provisions of the collective bargaining agreement.

Finally, petitioner's arguments that the award was based upon a mistake of fact and that it was punitive in nature are also unpersuasive. It is well established that an arbitrator's award will not be vacated on the ground that it contains errors of law or fact (*see, Matter of Long. Is. Univ. Faculty Fedn. v Board of Trustees*, 91 AD2d 686, *affd* 60 NY2d 855; *Matter of Riverbay Corp. [Local 32-E]*, 91 AD2d 509). Furthermore, the award was clearly compensatory and not punitive (*see, Board of Educ. v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553). Accordingly, we affirm the judgment of Special Term. Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.