■ PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant, v CHARLES OGUNRO, Respondent.—In a proceeding pursuant to CPLR 7511 (b) (1) (iii) to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated June 26, 1984, which dismissed the petition.

Judgment affirmed, with costs.

In reviewing an arbitration award, a court will not set it aside for errors of law or fact *(see, Matter of Garcia v Federal*

*Ins. Co.,* 46 NY2d 1040) unless the award is so irrational as to require vacatur *(see, Cohn v Royal Globe Ins. Co.,* 49 NY2d 942). While an affirmance is indicated at bar, because the arbitrator's interpretation of the law, which was upheld by the Master Arbitrator, cannot be said to be beyond the bounds of rationality *(see, Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224), our own interpretation would be that neither the assigned risk plan statute or rules (Insurance Law § 5301 *et seq.;* New York Automobile Insurance Plan Rules) nor the statute applicable to premium finance companies (Banking Law § 576) would impose the same obligation upon a premium finance company which is imposed upon an insurer to notify the insured of his right to seek a review of a cancellation of his policy *(see, Ward v Gresham,* 59 NY2d 878; *cf. Daniel v Rivera,* 93 AD2d 877, *affd* 60 NY2d 662). Lazer, J. P., Brown, Weinstein and Spatt, JJ., concur.