OPINION OF THE COURT
Theodore A. Kelly, J.
Petitioner brings this proceeding to vacate an arbitration award on the ground that the arbitrator exceeded his authority. Since petitioner has also questioned the constitutionality of section 198-a of the General Business Law (the Lemon Law), the Attorney-General of the State of New York is granted leave to intervene as an additional party respondent. Respondent Joseph Schachner cross-moves for a change of venue from Rockland County to Nassau County, to confirm the award, and for attorney’s fees.
On August 10, 1984, a 1984 Dodge, manufactured by petitioner, was purchased by Broad Educational Services, Inc. of Valley Stream, New York, from Reese Brothers, Inc., Lynbrook, New York. Title was issued in the name of Broad Educational Services, Inc. and the vehicle was registered to Charlotte Schachner, respondent’s wife. Respondent is the president of Broad Educational Services, Inc.
The vehicle was subject to Chrysler’s basic new vehicle limited warranty. The warranty covers any repairs to the vehicle (except tires) for defects in material and workmanship in normal use for the first 12 months or 12,000 miles of operation. At the expiration of the limited warranty, an additional warranty covered certain designated components for 5 years or 50,000 miles, whichever occurred first. In addition, respondent bought a 5-year/50,000-mile added coverage service contract for the front suspension, steering, brakes, air conditioning and electrical systems. All of the warranties, including the service contract, exclude coverage for defective conditions due to owner misuse and/or abuse. According to petitioner, these were the only warranties and/or service contracts applicable to the subject vehicle.
If a new motor vehicle does not conform to all express warranties during the first 18,000 miles of operation or during the period of two years following the date of original delivery, whichever is earlier, the consumer shall during such period report the nonconformity, defect or condition to the manufacturer, its agent or its authorized dealer (General Business Law § 198-a [b]). The vehicle shall be replaced with a comparable vehicle or a refund shall be paid to the consumer if the dealer *503 is unable to repair the defect after a reasonable number of attempts (General Business Law § 198-a [c] [1]). It shall be presumed that a reasonable number of attempts have been made to conform the vehicle to the applicable express warranties if (a) the same defect, nonconformity or condition has been subject to repair four or more times by the manufacturer or its agents or authorized dealers within the first 18,000 miles of operation or during the period of two years following the date of original delivery, whichever is earlier, but such nonconformity, defect or condition continues to exist (General Business Law § 198-a [d] [1]), or (b) if the vehicle is out of service by reason of one or more nonconformities, defects or conditions for a cumulative total of 30 or more calendar days during either period, whichever is earlier (General Business Law § 198-a [d] [2]).
It shall be an affirmative defense to any claim by a customer under section 198-a that: (1) the nonconformity, defect or condition does not substantially impair such value; or (2) the nonconformity, defect or condition is the result of abuse, neglect or unauthorized modifications or alterations of the motor vehicle (General Business Law § 198-a [c] [3] [i], [ii]).
On February 9, 1987 respondent filed a request for arbitration under subdivision (k) of section 198-a of the General Business Law which provides as follows:
"Each consumer shall have the option of submitting any dispute arising under this section upon the payment of a prescribed filing fee to an alternate arbitration mechanism established pursuant to regulations promulgated hereunder by the New York state attorney general. Upon application of the consumer and payment of the filing fee, all manufacturers shall submit to such alternate arbitration.
"Such alternate arbitration shall be conducted by a professional arbitrator or arbitration firm appointed by and under regulations established by the New York state attorney general. Such mechanism shall insure the personal objectivity of its arbitrators and the right of each party to present its case, to be in attendance during any presentation made by the other party and to rebut or refute such presentation. In all other respects, such alternate arbitration mechanism shall be governed by article seventy-five of the civil practice law and rules.”
Subdivision (k) became effective on January 1,1987.
In his request for arbitration, respondent described the *504 defect or condition of the vehicle as follows: "Clutch (transmission) has broken down three times. Reverse blade failed; transmission leak (replace extension housing); replace oil sending switch.” According to respondent, repair work on the clutch was attempted on April 22, 1985; March 7, 1986; and October 30, 1986. The clutch was repaired once by Reese Brothers, an authorized Chrysler dealer. On the other two occasions, repairs were made at Hoeffners-Gulf Service Station, which is not an authorized Chrysler dealer or repair shop. Respondent alleged that he was entitled to a replacement vehicle because the defects had substantially impaired the value of the vehicle. A hearing was held in Nassau County on April 3, 1987. The arbitrator found that respondent qualified for relief under the Lemon Law, and that he was entitled to receive a vehicle of an equal or greater value than $14,738.60. Petitioner was directed to comply with the decision within 30 days.
At the hearing petitioner argued that four clutches had been installed in the vehicle within a driving span of 14,000 miles. The original clutch and the one replaced by Reese Brothers on April 22, 1980 used authorized Chrysler parts. The two clutches installed by Hoeffners-Gulf were not Chrysler parts. Petitioner contended that this series of clutch failures was evidence of owner abuse. However, the arbitrator dismissed that claim as irrelevant. Petitioner now alleges that there was no proof of the fair market value of the vehicle in good condition and the fair market value in a defective condition. Consequently, the arbitrator had no basis for determining that the defects had substantially impaired the value of the vehicle. Petitioner further contends that respondent does not qualify as a consumer under the Lemon Law because he is not the purchaser, titled owner or registered owner of the vehicle.
With respect to his claim that the vehicle was out of service for 30 or more days, respondent listed the following dates: February 20, 1985; April 22, 1985; November 26, 1985; December 9, 1985; January 6, 1986; January 30, 1986; March 7, 1986; and October 30, 1986. Petitioner alleges that October 30, 1986 was more than 24 months from the date of purchase and cannot be counted in computing the 30-day period. Petitioner also contends that the time elapsed from January 30, 1986 to March 7, 1986 should not have been counted since respondent failed to bring the vehicle in for repair. Respondent alleges that he delayed bringing the vehicle in for repair because he *505 was uncertain whether he could trust Reese Brothers to make the repair properly. Petitioner, accordingly, seeks to vacate the award on the ground that the arbitrator exceeded his authority (CPLR 7511 [b] [1] [iii]). In addition, petitioner alleges that the compulsory arbitration provision contained in subdivision (k) of section 198-a of the General Business Law is being applied retroactively in violation of US Constitution, article I, § 10, which prohibits a State from passing any law impairing the obligation of contracts.
Initially, the cross motion to change the venue of this proceeding from Rockland County to Nassau County is denied. A proceeding to vacate an arbitrator’s award shall be brought in the county where one of the parties resides or is doing business (CPLR 7502 [a]). Petitioner has designated Rockland County as its principal office in the State of New York. Therefore, venue has been properly placed in Rockland County.
I also reject petitioner’s contention that retroactive application of the compulsory arbitration provision of the Lemon Law constitutes an impairment of its obligation under the subject contract. The provision for compulsory arbitration became effective on January 1, 1987 and the vehicle in question was purchased on August 10, 1984. The statute as a whole became effective on September 1, 1983, approximately 11 months before the vehicle was purchased.
Petitioner argues that the statute has altered its warranties by extending them from 12 months/12,000 miles to 18,000 miles. It further contends that subdivision (k) of section 198-a has enlarged the rights available to enforce the warranties by providing an additional remedy of compulsory arbitration at the option of the consumer. Retroactive application of the right to arbitration, therefore, has allegedly impaired the obligations imposed by the preexisting contract.
The provision for compulsory arbitration represented a legislative response to the manufacturer’s arbitration program which the Attorney-General has described as ineffective, and insufficient to accomplish the salutary goals of the Lemon Law. It has been held that application of the Lemon Law to an automobile purchased 10 months before the law’s effective date did not impair contractual obligations in violation of US Constitution, article I, § 10 (Laiosa v Camelot AMC/Jeep, 113 AD2d 145 [3d Dept]). The agreement herein was made after the effective date of the Lemon Law and is clearly within its *506 ambit. The provision for compulsory arbitration merely gives a consumer an additional remedy with which to enforce his or her rights under the agreement. Where a statute merely alters a remedy available to a party, retroactive application of the statute will not violate the Contract Clause of the Constitution since, absent language indicating a contrary intent, a remedial or procedural statute will ordinarily be applied to past transactions, accrued actions, pending actions and future actions, in the interest of spreading its benefits as widely as possible (56 NY Jur, Statutes, § 269; Post v 120 E. End Ave. Corp., 62 NY2d 19, 24; McKinney’s Cons Laws of NY, Book 1, Statutes § 54). Accordingly, petitioner’s claim that compulsory arbitration abridges rights previously created by contract is insufficient and the claim is dismissed.
There remains petitioner’s argument that the arbitrator’s decision must be vacated because the arbitrator exceeded his authority. Resolution of this issue requires examination of the standard of review to be applied in cases of compulsory arbitration as provided for in the Lemon Law.
In Mount St. Mary’s Hosp. v Catherwood (26 NY2d 493), at issue was the constitutionality of section 716 of the Labor Law which provided for compulsory arbitration of disputes in labor contract negotiations with private voluntary or nonprofitmaking hospitals. Section 716 (L 1963, ch 515, § 5, as amended by L 1969, ch 526, §§ 1-3) provided that every collective bargaining contract between employees and nonprofitmaking hospitals or residential care centers would be deemed to include provisions for mediation and final binding arbitration, at the request of both parties, or on motion by the State Industrial Commissioner, of disputes arising in the course of negotiating terms of a new collective bargaining contract. Application to confirm, modify, correct or vacate an arbitration award was to be made in accordance with CPLR article 75, the article governing arbitration generally (Labor Law § 716 [6] [b]).
It was argued that the mandatory arbitration provision of section 716 was unconstitutional because review of the arbitrator’s decision under article 75, the only mode of review expressly provided by section 716, was inadequate to provide plaintiff due process of law under Federal and State constitutional limitations. In an opinion by Judge Breitel, the Court of Appeals rejected that contention. The court stated the following at page 507: "Accepting the fact that Article 75 was drafted and applied to consensual arbitration as a matter of legislative history, it is still appropriate to examine its lan *507 guage to determine whether the Legislature had the power by its enactment of section 716, to adapt it, in effect, to the special uses and needs of compulsory arbitration. If the language is, indeed, broad enough to permit such adaptation, section 716 is not only implemented rationally but is saved from constitutional invalidity.” (Mount St. Mary’s Hosp. v Catherwood, 26 NY2d 493, supra.)
The court further found that CPLR 7511 (b), in authorizing review of whether the arbitrator had exceeded his power, by necessary logical extension and without distortion of its literal terms, included review in the case of compulsory arbitration (but only in such case) of whether the award was supported by evidence or other basis in reason, as may be appropriate, and appearing in the record (Mount St. Mary’s Hosp. v Catherwood, supra, at 508). The court continued at page 510: "The award may not be arbitrary or capricious, and this indirect exercise of the police power by the arbitrators must be justified by the public interest and reasonable conditions to effect that interest * * * Given a reasonable basis for the award the court’s power to review, however, under any theory or by any procedure, ceases.”
In Caso v Coffey (41 NY2d 153), the Court of Appeals considered the scope and manner of judicial review of awards made by public arbitration panels pursuant to subdivision (4) of section 209 of the Civil Service Law (the Taylor Law) in their determination of disputes arising from failures of local governments and their employees to reach collective bargaining agreements. The court determined that the proper vehicle for review was CPLR article 75 with the awards, on judicial review, to be measured "according to whether they are rational or arbitrary and capricious in accordance with the principles articulated in Mount St. Mary’s Hosp. v Catherwood” (Caso v Coffey, supra, at 158). In determining whether the award was rational, the presence of evidence pertaining to any or all of the specific criteria which are to be considered is a factor, with the award to be sustained as rational if any basis for the conclusion is apparent to the court (Caso v Coffey, supra, at 158). The court further stated at page 158: "Though the presence of evidence which could have met a substantial evidence test may serve to meet the test of rationality, the substantial evidence test as such is not the criterion here (Mount St. Mary’s Hosp. v Catherwood, supra, p 508).”
In Matter of Shand (Aetna Ins. Co.) (74 AD2d 442), the Appellate Division, Second Department, considered the stan *508 dard to be used in evaluating an arbitrator’s denial of first-party no-fault benefits where it was claimed that the compulsory arbitration award was infected with an error in law. The court applied a minimum rationality test, i.e., whether any rational basis whatsoever exists for the determination (Matter of Shand [Aetna Ins. Co.], supra, at 454).
Petitioner contends that the arbitrator exceeded his authority because respondent was not the purchaser, titleholder or registrant of the vehicle and, therefore, did not qualify as a "consumer”. The Lemon Law defines a "consumer” as the purchaser, other than for purposes of resale, or the lessee of a motor vehicle normally used for personal, family, or household purposes and subject to a manufacturer’s express warranty (General Business Law § 198-a [a] [1]). The vehicle in question was purchased by and titled to Broad Educational Services, Inc., and registered to respondent’s wife. However, there is nothing in the statutory definition of "consumer” indicating a legislative intent to deny the law’s benefits to corporate purchasers or lessees of motor vehicles. According to respondent the vehicle was purchased so that he would have transportation to visit his daughter, to take his wife to the doctor, to drive to his job as a per diem teacher and to take his wife shopping. While petitioner alleges that respondent’s contentions are afterthoughts, respondent, as an officer of Broad Educational Services, Inc., was properly qualified to demand arbitration on behalf of the corporation. A corporate purchaser may obviously only participate in an arbitration proceeding or in any litigation by one of its officers or by someone authorized to act on its behalf. The issue of whether respondent established the criteria necessary to qualify as a consumer under the Lemon Law was for the arbitrator to determine, and it cannot be said that his determination lacks a rational basis.
Petitioner further asserts that the arbitrator exceeded his authority because a reasonable number of attempts to repair the alleged clutch problem were not made and the vehicle was not out of service by reason of repair for a cumulative total of 30 or more days; that the arbitrator did not consider evidence of vehicle misuse; and that no evidence was submitted to show that the value of the vehicle was substantially impaired. Initially, it should be noted that a claim that the nonconformity, defect or condition did not substantially impair the value of a vehicle is an affirmative defense which the manufacturer must establish (General Business Law § 198-a [c] [3] [i]). In *509 addition, the determination as to whether respondent had established the criteria necessary to implement the arbitration provisions of the statute was for the arbitrator to determine, and courts will normally defer to an administrative agency’s discretion in interpreting the law under which it operated (Matter of Shand [Aetna Ins. Co.], supra, at 450). While petitioner contends that the arbitrator was incorrect, his determination was not so irrational as to require vacatur of his award.
Accordingly, the motion to vacate the award is denied and the cross motion to confirm the award is granted, without costs. The cross motion for attorney’s fees, however, is denied. Reasonable attorney’s fees may be awarded by the court to a prevailing plaintiff (General Business Law § 198-a [l]). The use of the word "plaintiff’ contemplates litigation brought by a consumer who elects to commence an action at law rather than demand arbitration (see, General Business Law § 198-a [l], [h]). There is nothing in the statute to indicate that the right to recover attorney’s fees extends to a party who demands arbitration. In the absence of such language, the right to attorney’s fees should be limited to consumers who qualify as plaintiffs.