*42 OPINION OF THE COURT
Richard C. Wesley, J.
Subaru of America (hereinafter Subaru) brings the instant application to vacate an arbitrator’s award, pursuant to General Business Law § 198-a, commonly referred to as the New Car Lemon Law.
Sherri McKelvey (hereinafter McKelvey) purchased a Subaru automobile in September of 1986. On or about November 2, 1987, McKelvey filed with the American Arbitration Association (AAA) a "Lemon Law Controversy”. Following a hearing, the arbitrator awarded McKelvey a refund of her purchase price, license costs, registration, filing fees and State sales tax. The arbitrator also awarded McKelvey attorney’s fees.
Subaru claims that the record lacks substantial evidence to support the arbitrator’s finding that the vehicle was "new” and also claims that General Business Law § 198-a does not provide for attorney’s fees through arbitration. McKelvey has filed a cross motion alleging that the arbitrator made an error of law in the computation of the amount deducted for "consumer’s use of a motor vehicle”.
The odometer on the vehicle read 5,089 at the time it was purchased. A vehicle is "used” if it has been "driven more than the limited use necessary in moving or road testing a new vehicle prior to delivery”. (General Business Law § 198-b [a] [2].) An award may be vacated only on the statutory grounds set forth in CPLR 7511. (5 NY Jur 2d, Arbitration and Award, § 125.) "These statutory grounds are exclusive, and * * * the award is conclusive, and the court cannot review decisions of law or fact made by the arbitrators.” (Ibid.; emphasis supplied.) Courts have no general power "to grant equitable relief from arbitration awards because of errors of fact or law.” (5 NY Jur 2d, Arbitration and Award, § 130.)
"[Arbitrators are meant to exercise a broad discretion largely free of substantive and procedural limitations.” (Matter of Torano [MVAIC], 19 AD2d 356 [1st Dept 1963].) An arbitrator need not interpret documents literally or according to principles of substantive law or rules of evidence. (Matter of City of Troy [Troy Police Benevolent & Protective Assn.], 81 AD2d 730 [3d Dept 1981].)
In arbitration proceedings, questions of law and fact are for arbitrators. (Korein v Rabin, 29 AD2d 351 [1st Dept 1968].) "In reviewing an arbitration award, a court will not set it aside *43 for errors of law or fact unless the award is so irrational as to require vacatur”. (Prudential Prop. & Cas. Ins. Co. v Ogunro, 119 AD2d 560, 561 [2d Dept 1986].)
In this case, the arbitrator concluded that the vehicle in issue was a "new” vehicle. This conclusion stems from the arbitrator’s review and application of the facts to the definitions provided in the statute. Recently, the Supreme Court in Rockland County reviewed a similar dispute concerning the definition of "consumer” under the Lemon Law. The court refused to review the arbitrator’s conclusion. "The issue of whether respondent established the criteria necessary to qualify as a consumer under the Lemon Law was for the arbitrator to determine, and it cannot be said that his determination lacks a rational basis.” (Chrysler Motors Corp. v Schachner, 138 Misc 2d 501, 508 [Sup Ct, Rockland County 1988].)
It was for the arbitrator to decide if the automobile was "new”. The contract for sale drafted by the seller, Holtz Motor Car Company, Inc., characterized the vehicle as "new”. Also, Ms. McKelvey received new car warranties for the 1986 Subaru that she purchased in 1986. A rational basis exists for the arbitrator’s decision.
If there is any mistake in this matter it is one of fact and law; it is not jurisdictional. The statute requires the arbitrator to make decisions such as the one made here. Subaru’s motion to set aside the arbitrator’s award under General Business Law § 198-a is denied.
The same principles govern McKelvey’s cross motion on the computation of the allowance value. Computations are clearly a question of fact. The cross motion is denied.
The question that remains is whether the statute provides for attorneys’ fees as part of an arbitrator’s award through the compulsory arbitration system. (General Business Law § 198-a.) Nothing on the face of the statute authorizes fees for attorneys who have participated with clients in the arbitration process. (General Business Law § 198-a.) It does not appear that this question has been specifically explored in the New York courts. (See generally, Matter of Bartholomew [General Motors Corp.], case No. 15 178 0267 87-AG #996, Oct. 22, 1987; Chrysler Motors Corp. v Schachner, 138 Misc 2d 501, supra; Matter of Conlan v General Motors Corp., 137 Misc 2d 244 [Onondaga County, Oct. 15, 1987, Murphy, J.].)
The ability of a court to award attorneys’ fees in New York, absent a specific provision, grant or statute, is limited. There *44 exists no general right to fees. (Judiciary Law § 474.) In fact, case law in New York exhibits a presumption against the awarding of attorneys’ fees, unless specifically authorized by statute or contract. (7 NY Jur 2d, Attorneys at Law, § 122; People v Keeffe, 50 NY2d 149 [1980].)
The Lemon Law was initially passed in 1983. (General Business Law § 198-a.) The statute was patterned in large part after the Magnuson-Moss Warranty Act (15 USC §2301 et seq.; see also, Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law § 198-a, at 311-314).
The Federal statute provides for an informal dispute settlement procedure which is binding on the consumer unless the warrantor’s program does not meet established criteria. (15 USC § 2310 [a] [3].) Given the informal nature of the dispute resolution procedure and the fact that the warrantor paid the cost of establishing the procedures to resolve disputes, no provision was made for the consumer to recover the costs of the dispute settlement. (15 USC § 2310.) The Federal statute also provides for a civil action. Costs, including attorneys’ fees, are specifically enumerated as items which may be recovered by the consumer. (15 USC § 2310 [d] [2].)
In a memorandum to Governor Mario Cuomo from Attorney-General Robert Abrams on or about June 23, 1983, the Attorney-General noted the similarities between the New York and Federal statutes: "Subdivision (k) authorizes a court to award reasonable attorney’s fees to a prevailing consumer who sues under the law. This is consistent with section 2310 (d) (2) of the Magnuson-Moss Warranty Act and many other federal and state consumer protection laws as well, and will aid consumers in finding attorneys who will represent them.” (Mem of Attorney-General, June 23, 1983, Bill Jacket to L 1983, ch 444, at 5.)
In 1983 the State statute required that the consumer first submit to an informal dispute settlement procedure that met the Federal regulatory standards. The result, however, was not binding on the consumer. If unsatisfied, the consumer then had the option of commencing a lawsuit, where attorney’s fees could be recovered. (General Business Law § 198-a, former [g], former [k].) The policy behind this two-step process was clear; consumers could attract attorneys to take Lemon *45 Law cases and manufacturers were encouraged to settle at an early stage of the process — where they incurred less cost.*
As a result of disenchantment with the informal dispute mechanism, the Lemon Law was amended in 1986. The amendment included changes in the consumer’s choice of forum. "Each consumer shall have the option of submitting any dispute arising under this section upon the payment of a prescribed filing fee to an alternate arbitration mechanism established pursuant to regulations promulgated hereunder by the New York state attorney general.” (General Business Law § 198-a [k].) The arbitration mechanism established by the amendment provides for binding and final arbitration. (13 NYCRR 300.17 [i].)
The Legislature failed to amend the statute to recognize the difference between the informal settlement procedure of the original law and the "alternate forum” created by the 1986 amendments. While arbitrations under the statute are not bound by rules of evidence and hearings are conducted in a less formal atmosphere, the decisions are binding and final upon the consumer and the manufacturer. (See, 13 NYCRR 300.13, 300.17.) Given the nature of this modification, it would seem the Legislature should have also amended the statute to allow for attorneys’ fees in the arbitration forum if attorneys’ fees are available in court proceedings. (General Business Law § 198-a/Z/J
However, the intention of the Legislature is clear. Any extension of attorneys’ fees to arbitrations under this section, however meritorious, must be done by the Legislature in clear and unequivocal terms. The arbitrator’s award as to attorneys’ fees was in clear violation of her authority under General Business Law § 198-a and is vacated pursuant to CPLR 7511 (b) (iii).
Since the arbitrator had no authority to award attorneys’ fees, this case is not similar to the cases cited by the respondent under the Insurance Law. The respondent’s request for attorneys’ fees in this proceeding have no basis in law and are denied.

 This court has examined all the memoranda submitted to Governor Cuomo (known as the Bill Jacket) at the time the Governor was reviewing the bill to sign it into law. The Bill Jacket memoranda clearly indicate that attorneys’ fees would only be available in actions commenced by consumers in State court. (See, mem of Assemblyman Kremer to Alice Daniel, Counsel to Governor, June 23, 1983, Bill Jacket, at 19-20, L 1983, ch 444.)