OPINION OF THE COURT
Robert W. Coutant, J.
Prior to the commencement of this CPLR article 75 proceeding, respondent, Deborah Fischer, sought arbitration under *244 General Business Law § 198-a (Lemon Law). After the arbitrator ruled in her favor, petitioner commenced this proceeding to vacate that award. This court ruled in favor of the respondent and confirmed the arbitrator’s award by written decision dated May 7, 1988. Respondent now moves for an award of attorney’s fees.
The Lemon Law provides in relevant part that "[a] court may award reasonable attorney’s fees to a prevailing plaintiff.” (General Business Law § 198-a [l].) Petitioner maintains that respondent is not entitled to that award because she is not a "plaintiff”. The argument continues that the Legislature provided alternative dispute resolution mechanisms for Lemon Law claims; by using the phrase "prevailing plaintiff”, it was intended that any award of attorney’s fees be made only to the consumer who chose to pursue a full plenary action and was successful therein.
Respondent contends that such a reading of the statute "would be unfair and unjust and certainly contrary to the remedial nature of the 'Lemon Law’ ”. In support of this position, respondent notes that section 198-a (l) was formerly found at section 198-a (k). In 1986, when the arbitration provisions were added, the portion of the statute awarding attorney’s fees was renumbered and placed after the arbitration portions of that statute. Thus, the Legislature must have intended that attorney’s fees be available to a prevailing consumer in either a plenary action or in an arbitration proceeding. She further notes that with the passage of the 1986 amendments, there arose for the first time the possibility that the consumer could be a respondent in an article 75 proceeding. Respondent concludes that use of the term "plaintiff” was appropriate when the Lemon Law was first enacted in 1983, but its continued use after 1986 was an oversight.
This court finds only two cases that address the issue of the availability of attorney’s fees under the Lemon Law. Of those 2, only 1 is relevant to the facts presented by the instant case. In Chrysler Motors Corp. v Schachner (138 Misc 2d 501 [Sup Ct, Rockland County 1988]), the consumer sought arbitration under General Business Law § 198-a. The arbitrator ruled in favor of the consumer and Chrysler brought an article 75 proceeding seeking to vacate that award. Supreme Court ruled in favor of the consumer respondent and confirmed the award. However, the court denied respondent’s motion for an award of attorney’s fees noting "[t]he use of the word 'plaintiff contemplates litigation brought by a consumer who elects to *245 commence an action at law rather than demand arbitration * * * There is nothing in the statute to indicate that the right to recover attorney’s fees extends to a party who demands arbitration. In the absence of such language, the right to attorney’s fees should be limited to consumers who qualify as plaintiffs.” (Supra, at 509.)
Turning to the legislative history of the Lemon Law, the Governor noted when he signed the bill into law that "[t]his bill represents a major advance in the protection afforded to consumers who purchase motor vehicles. For many consumers, the purchase of an automobile is one of their largest investments and it is important to assure that effective remedies exist when a vehicle is defective and cannot be repaired.” (Governor’s mem of approval of L 1983, ch 444, 1983 McKinney’s Session Laws of NY, at 2772.) Similarly, the New York State Attorney-General in his memorandum submitted in support of the Lemon Law notes that that law would "authoriz[e] a court to award reasonable attorney’s fees to a prevailing consumer who sues under the law * * * This is consistent with section 2310 (d) (2) of the Magnuson-Moss Warranty Act * * * and will aid consumers in finding attorneys who will represent them.” (See, mem for Governor from Robert Abrams, Attorney-General, dated June 23, 1983 [emphasis supplied].) It is thus clear from the Bill Jacket and the Governor’s memorandum that the Lemon Law is designed to provide the aggrieved purchaser with attorney’s fees to encourage the consumer to pursue his rights.
In view of the legislative history of the Lemon Law and its proconsumer orientation, this court declines to follow the reasoning of the Schachner court. It is clear from the statute that where the consumer chooses to pursue a full plenary action, an award of attorney’s fees to the successful consumer plaintiff insures that he will be able to vindicate his rights without having to expend large sums on attorney’s fees. The logic motivating the enactment of this provision is self-evident: as legal fees rise, the paying client’s interest in pursuing his remedies diminishes. Thus, an award of attorney’s fees encourages aggrieved purchasers to pursue bona fide claims.
Turning to the arbitration alternative, if the reasoning in Schachner (supra) is followed, the advantage of arbitration to the consumer disappears. If the car manufacturer seeks to vacate the award made in favor of the consumer by commencing an article 75 proceeding, the consumer is once again required to incur legal expenses in order to vindicate his *246 rights. The results are twofold. Firstly, consumers will be reluctant to become involved in the arbitration process because of the possibility of incurring nonreimbursable attorney’s fees should the arbitrator find in favor of the consumer and the manufacturer then institute an article 75 proceeding to vacate the award. Secondly, those consumers willing to risk having to pay their own attorney’s fees would be well advised to avoid arbitration and institute a plenary action because an award of attorney’s fees might be available under section 198-a (l). This court concludes that an interpretation of the statute resulting in an undermining of the arbitration process and increased litigation was not intended by the Legislature. The more logical conclusion is that the Legislature intended the "prevailing consumer” to be entitled to an award of attorney’s fees under section 198-a (l).
Based on the foregoing, the court awards respondent $2,500 in attorney’s fees. No motion costs are awarded.