GENERAL MOTORS CORPORATION, Petitioner, v SHELDON SMALLER, Respondent.

Supreme Court, Nassau County, November 7, 1988

## APPEARANCES OF COUNSEL

*Ciaravino, Jackson & Tedeschi* for petitioner. *Kevin E. Rockitter* for respondent.

OPINION OF THE COURT

ELI WAGER, J.

The court, *sua sponte,* recalls and vacates its short form order dated November 1, 1988 and issues the following order in its place and stead.

Upon the foregoing papers it is ordered that this petition by General Motors Corporation for a judgment vacating an arbitrator's award is denied. The cross petition for judgment confirming the arbitration award of a refund, in the modified amount of $11,408, is granted. Respondent's application for an award of reasonable attorney's fees pursuant to General Business Law § 198-a *(l)* is also granted in the amount of $1,000.

This special proceeding concerns an arbitrator's award to the respondent of a refund of the adjusted purchase price of a 1985 Buick Regal pursuant to General Business Law § 198-a, known as the "new car lemon law". Petitioner seeks to vacate the award on the grounds of alleged misconduct by the arbitrator (CPLR 7511 [b] [1] [i]) and a claim that the arbitrator exceeded his powers in making the award (CPLR 7511 [b] [1] [iii]). The alleged factual basis for the petitioner's claims is that there were never any engine oil leaks in the subject automobile due to a defect in manufacture, and there was no evidence that the "very small leaks caused by abuse and misuse" substantially impaired the value of the automobile.

█ It is well established that arbitration awards are subject to judicial deference, and arbitrators are not held to the standards prescribed for members of the judiciary *(Matter of Goldfinger v Lisker,* 68 NY2d 225). An arbitrator's award will not be vacated for errors of law and fact *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629; *Matter of Murray v Long Is. Univ., C. W. Post Center,* 111 AD2d 175). The facts supporting petitioner's claims do not constitute misconduct *(see, Matter of Goldfinger v Lisker, supra)* or a situation where the arbitrator exceeded his powers. Rather, it is clear that petitioner's quarrel with the arbitrator's award is based on petitioner's differing view of the underlying facts. Accordingly, the award must be confirmed. The court notes that respondent has consented to accept $11,408 in full satisfaction of his claim, and, accordingly, the arbitrator's award of the refund, in the modified amount of $11,408, is hereby confirmed.

Respondent seeks an attorney's fees award if and when he prevails in the motion before this court. He bases his demand on section 198-a *(l)* of the General Business Law.

■ This court is in accord with respondent's interpretation of the statute. Looking back at the history of the 1983 Lemon Law (§ 198-a) and its subsequent 1986 amendments, the Legislature's clear intention was to afford the prevailing "consumer" with the attorney's fees award in court after an arbitration proceeding and not only to "plaintiff" who chose plenary action and thus encourage consumers to resort to the arbitration mechanism, avoid unnecessary litigation and balance the disparity in economic power between the consumers and the manufacturer. As the Lemon Law was introduced, Senator Bruno stated, "The bill further provides attorney's fees in the court's discretion to a consumer successful in pursuing his or her legal right under this bill". (1983 NY Legis Ann, at 200.) Moreover, Attorney-General Robert Abrams' memorandum for the Governor (June 23, 1983), introducing the Lemon Law and the arbitration process, refers to subdivision (k) (the attorney's fees awards before it was relettered). "Subdivision (k) authorizes a court to award reasonable attorney's fees to a prevailing consumer who sues under the law. This is consistent with section 2310 (d) (2) of the Magnuson-Moss Warranty Act and many other federal and state consumer protection laws as well, and will aid consumers in finding attorneys who will represent them." Subsequently, after the law was enacted, Mr. Abrams published a fact sheet to New York citizens ("The Lemon Law") stating that after the arbitration process "the law authorizes the court to award reasonable attorney's fees to a buyer who wins in court."

Also before this court are two relevant but contradictory cases. In *Chrysler Motors Corp. v Schachner* (138 Misc 2d 501), the court concluded attorney's fees should only be awarded to a "plaintiff", not to a consumer who used the arbitration mechanism. This court, after its research, does not agree with this decision and concurs with the later case of *Matter of General Motors Corp. v Fischer* (140 Misc 2d 243). More in keeping with this court's independent study, the court in that case concluded that attorney's fees are within the ambit of the court's powers to award victorious consumers who used the arbitration mechanism. This conclusion, supported by the spirit of the Lemon Law and the case law, seems to adhere to a later and recent statutory change in the law which clarifies specifically the right to attorney's fees. Subdivision *(l)* of section 198-a (L 1988, ch 489, eff Aug. 1, 1988) now reads "[a] court may award reasonable attorney's fees to a prevailing

plaintiff or to a consumer who prevails in any judicial action or proceeding arising out of an arbitration proceeding held pursuant to subdivision (k) of this section."

Accordingly, attorney's fees in this proceeding are granted to respondent in the amount of $1,000.