■ CHRYSLER MOTORS CORPORATION, Appellant, v JOSEPH SCHACHNER, Respondent, and ROBERT ABRAMS, Intervenor-Respondent.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated April 3, 1987, issued pursuant to General Business Law § 198-a (k), the petitioner appeals from a judgment of the Supreme Court, Rockland County (Kelly, J.), entered May 26, 1988, which denied its petition and granted the respondent-respondent's cross application to confirm the arbitration award *(see, Chrysler Motors Corp. v Schachner,* 138 Misc 2d 501).

Ordered that the judgment is reversed, on the law, with one bill of costs, the petition is granted, and the arbitration award dated April 3, 1987, is vacated.

On August 10, 1984, a motor vehicle manufactured by the petitioner Chrysler Motors Corporation (hereinafter Chrysler) was purchased in the name of Broad Educational Services, Inc., from Reese Brothers, Inc., of Lynbrook, New York, which is a Chrysler dealer. The vehicle was covered by a Chrysler 12-month/12,000 miles warranty, an additional five-year/50,000 miles warranty covering certain specifically named components, and a five-year/50,000 miles added coverage service contract for front suspension, steering, brakes, air conditioning and electrical systems. The warranties and the service contract excluded defects due to misuse or abuse.

On February 6, 1987, the respondent-respondent, a principal

of Broad Educational Services, Inc., filed a request for arbitration under the "New Car Lemon Law" compulsory arbitration provision. He alleged that he had problems with the clutch, which resulted in the vehicle breaking down three times. The first occasion was on April 22, 1985, when the problem was reported to the dealer, Reese Brothers, Inc., which replaced the clutch. The vehicle was out of service for about a week. On the other two occasions, the respondent-respondent took the vehicle to Hoeffner-Gulf Service Station, which was neither an authorized agent nor dealer for Chrysler. On those two occasions the clutch was replaced, but not with Chrysler parts.

After a hearing, the arbitrator found that the respondent-respondent qualified for relief under the New Car Lemon Law and that, upon his election, he was entitled to receive a comparable replacement vehicle. The Supreme Court denied Chrysler's petition to vacate the award and granted the respondent-respondent's cross application to confirm it.

Several contentions have been advanced before us by the parties, including the Attorney-General who intervened. However, although the compulsory arbitration provision of the "New York Lemon Law" applies to new motor vehicles purchased prior to its effective date *(see, Matter of Hynson [American Motor Sales Corp.],* 164 AD2d 41), we nevertheless conclude that the arbitrator's award was not "supported by evidence or other basis in reason, as may be appropriate, and appearing in the record" *(Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508). Therefore we find it necessary to address only one of those issues.

General Business Law § 198-a (c) (1) states in pertinent part: "If, within the period specified in subdivision (b) of this section, the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and refund to the consumer the full purchase price".

Further, General Business Law § 198-a (d) (1) provides:

"(d) It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties, if:

"(1) the same nonconformity, defect or condition has been

subject to repair four or more times by the manufacturer or its agents or authorized dealers within the first eighteen thousand miles of operation or during the period of two years following the date of original delivery of the motor vehicle to a consumer, whichever is the earlier date, but such nonconformity, defect or condition continues to exist".

These provisions make clear that the manufacturer, through its agents or dealers, is entitled to a "reasonable number" of attempts at repairing a particular defect in a vehicle before the consumer is entitled to elect whether the manufacturer is to replace the vehicle or refund the full purchase price.

At bar, the three attempts to repair the vehicle were not presumptively of a reasonable number and, in any event, the last two were not made by Chrysler or its agents and thus cannot be attributed to Chrysler. Further, the single attempt to correct the defect which was made by Chrysler's agent fails as a matter of law to amount to a "reasonable number" of "attempts" within the meaning of the statute (General Business Law § 198-a [c] [1]). To rule otherwise is to render meaningless the statute's explicit terms (cf., McKinney's Cons Laws of NY, Book 1, Statutes §§ 73, 76). Since the respondent-respondent failed to comply with a precondition of the General Business Law § 198-a (c) (1), that the manufacturer be afforded "a reasonable number of attempts [at repair]", the arbitrator exceeded his authority in making the award, which must, therefore, be vacated (cf., Motor Vehicle Mfrs. Assn. v State of New York, 75 NY2d 175, 185-186; see also, Matter of American Motor Sales Corp. v Brown, 152 AD2d 343, 351). Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.