■ Ronald H. Parlato et al., Appellants, v Chrysler Corp., Respondent, et al., Defendants.—In an action to recover damages pursuant to General Business Law § 198-a relating to the lease of a motor vehicle, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered August 6, 1989, as granted the motion of the defendant Chrysler Corp. for summary judgment dismissing the amended complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, the motion of the Chrysler Corp. is denied, and the amended complaint is reinstated insofar as asserted against that defendant.

On December 2, 1987, the plaintiff Ronald H. Parlato leased a 1988 Chrysler Jeep Cherokee LTD in the name of 15 South Division Corp., a corporation of which Parlato is the sole shareholder. The lease agreement clearly stated that Parlato intended to use the vehicle solely for personal purposes; that intended personal use was restated in Parlato's answers to interrogatories and in his affidavit in opposition to the defendants' summary judgment motion. Within months, after having been driven only a few thousand miles, the vehicle became disabled and had to be towed to an authorized Chrysler dealership for servicing and repairs. From that time until the plaintiffs instituted this action under General Business Law § 198-a, known as the "New Car Lemon Law", and thereafter, the defendants were unable to repair the vehicle satisfactorily and return it to Parlato's use.

The defendants alleged that the corporate lessee was not a "consumer" as defined under General Business Law § 198-a (a) (1) and thus lacked standing to bring a claim thereunder. Since the amendment of the statute on July 18, 1990, a

consumer has been defined as a "purchaser, lessee, or transferee, other than for purposes of resale", of a motor vehicle who uses the vehicle "primarily for personal, family or household purposes" (General Business Law § 198-a [a] [1], as amended by L 1990, ch 530).

The recent case law has emphasized this use test, rather than the technicalities of whether title is held in an individual or corporate name *(see, Loomis v Maguire's Equip. Sales,* 124 AD2d 82 [decided under the companion statute, General Business Law § 198-b]; *Matter of Volkswagen of Am. v Friedman,* 166 AD2d 709; *Chrysler Motors Corp. v Schachner,* 138 Misc 2d 501, 508, *revd on other grounds* 166 AD2d 683; *Colabella v Europa Intl.,* 168 AD2d 534 [under General Business Law § 198-b]). In light of the recent trend, we conclude that the facts of this case compel the conclusion that the plaintiff 15 South Division Corp. qualifies as a consumer under General Business Law § 198-a. Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.