■ BEATRICE HAENEL et al., Individually and as Trustees of JACK EPSTEIN and Another, Deceased, Appellants, v NOVEMBER AND NOVEMBER et al., Respondents.—Order of the Supreme Court, New York County (Eugene L. Nardelli, J.), dated October 1, 1990, which granted the motion by defendants for an order striking the matter from the trial calendar and directed the plaintiffs to respond to prior requests for discov-

ery and inspection of trust and tax records, is unanimously modified, on the law, the facts and in the exercise of discretion, to vacate that portion of the order directing plaintiffs to produce individual and trust tax returns or authorizations for such returns and other trust records solely reflecting income and expenses, and otherwise affirmed, with costs and disbursements payable to plaintiffs.

Plaintiffs commenced this legal malpractice action individually and as trustees under the wills of Jack and Mollie Epstein based upon their holdings and the holding of Jack and Mollie Epstein of shares of stock in Allmetal Screw Products Company, Inc. They allege that as a result of defendants' malpractice, in drafting an agreement in 1977 subsequently held invalid, Morris Epstein another shareholder in charge of the corporation's operations, was enabled to engage in corporate waste, resulting in the diminution of the sale price received by plaintiffs for their shares. Plaintiffs also seek legal fees allegedly expended in their efforts to enforce the negligently drawn and invalid agreement of 1977.

Plaintiffs' tax returns have no bearing on the issue of liability or damages stemming from the decrease in value of Allmetal's stock and the expenditure of legal fees arising out of defendants' legal malpractice. Accordingly, the requests for both individual and trust tax returns and other records reflecting income and expenses are improper since defendants have not established the requisite "strong showing of necessity" to justify their disclosure *(Roth v American Colonial Ins. Co.,* 159 AD2d 370). Defendants assert that plaintiffs failed to timely move for a protective order. The general rule under such circumstances ordinarily forecloses inquiry into the propriety of such a notice (CPLR 3122, 3133). However, where the material sought is privileged under CPLR 3101 or the disclosure requests are palpably improper, as herein, this rule is not strictly observed. *(See, Spancrete Northeast v Elite Assocs.,* 148 AD2d 694, 695.) Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.