■ RALPH KORNBLATT, Appellant, v JAGUAR CARS, INC., Respondent, et al., Defendant.—In an action pursuant to General Business Law § 198-a to recover the purchase price of, or for the replacement of, a motor vehicle, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered October 4, 1989, as granted that branch of the motion of the defendant Jaguar Cars, Inc., which was for discovery and inspection of certain corporate Federal and State Income Tax returns for 1984 through 1986.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1984, nonparty Family Optical, Ltd. (hereinafter FOL), by its President Ralph Kornblatt, the plaintiff, purchased a new Jaguar XJ6 from the defendant Jaguar Cars, Inc. (hereinafter JCI) through its agent the defendant Sportique Motors, Inc. (hereinafter Sportique). The vehicle developed numerous problems which necessitated constant repairs; in fact, within the first two years, the defective car was out of service for at least 30 days.

In September 1986 Kornblatt commenced this action pursuant to General Business Law § 198-a, known as the "New Car Lemon Law" for money damages or for the replacement of the subject vehicle. Since the title to the vehicle was in FOL, the threshold question concerned whether a corporation could qualify as a "consumer" under General Business Law § 198-a (a) (1) in order to maintain an action under the statute.

This court has recently answered that question in the affirmative *(see, Parlato v Chrysler Corp.,* 170 AD2d 442).

*Parlato* held that a party is a "consumer" as defined under the statute in relation to the actual manner of use of the vehicle, rather than to the technicalities of whether title is held in an individual or corporate name. A finding that the vehicle is "used primarily" for "personal, family, or household" purposes (General Business Law § 198-a [a] [1], as amended by L 1990, ch 530) entitles the purchaser to "consumer" status, even if that purchaser is a corporation, as the lessee was in *Parlato.*

Applying the holding of *Parlato* to the present circumstances, we find that the court did not err when it granted that branch of the defendant JCI's motion which was for discovery and inspection of FOL's income tax records for 1984 through 1986, particularly when it limited disclosure to the relevant schedules concerning the depreciation of the automobile as a business deduction. These records, which were exclusively under the plaintiff's control, were material and necessary in JCI's defense of the action. Only by a review of the records could it be determined if, and to what extent, the plaintiff had claimed the vehicle's depreciation as a business deduction. This finding would reveal important information about the actual use of the vehicle and assist in determining if FOL could qualify as a consumer under General Business Law § 198-a *(see,* CPLR 3101 [a] [1]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407; *Muller v Sorensen,* 138 AD2d 683, 684 [the confidential and private nature of tax returns particularly disfavor their disclosure unless relevant to the issues in the case]). In this case, JCI has made the strong showing of necessity and desirability to compel the production of the records *(see, Briton v Knott Hotels Corp.,* 111 AD2d 62).

Finally, the plaintiff's invocation of laches to prevent the production of the records lacks merit. In a deposition on March 9, 1988, JCI had requested the tax returns, but the plaintiff refused. Possessing the knowledge that JCI wanted the returns, then, any prejudice suffered by the plaintiff a year later when the court compelled their production was of his own making, and he cannot now complain *(see, Foley Mach. Co. v Amaco Constr. Co.,* 126 AD2d 603, 604). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.