◼ In the Matter of the Estate of JOHN S. HALL, Deceased. JOHN S. HALL, JR., Appellant; ROSE E. HALL, Respondent. [611 NYS2d 697] —Mikoll, J. P. Appeal from an order of the Surrogate's Court of Warren County (Moynihan, Jr., S.), entered July 7, 1993, which, *inter alia,* denied petitioner's motion for a protective order.

Decedent John S. Hall, an attorney who operated a law practice in Warren County, executed a will in 1974 which, *inter alia,* bequeathed to petitioner, his son, his "law business and all real and personal property * * * connected with said business * * * subject to the payment of all debts and claims incurred in the course of the operation of said business". By a subsequent codicil decedent bequeathed the sum of $25,000 to respondent, his wife. Upon decedent's demise in September 1988, petitioner continued decedent's law practice. Petitioner, as executor of decedent's estate, sought to admit decedent's will to probate in Surrogate's Court. The parties stipulated that the codicil was to be admitted to probate and that

---

respondent was to receive $25,000 from the first amount distributable from the estate. In return, respondent waived any and all other claims against the estate except that the stipulation would not prevent respondent from making a claim against petitioner individually for a pro rata share of a mortgage on the former residence of decedent in Athol, Warren County.

Petitioner filed an intermediate accounting of the estate to which respondent made objections. Subsequently, respondent demanded discovery of, *inter alia,* law office files of decedent's former law practice. Petitioner then moved for a protective order. Surrogate's Court denied the motion, ruling that the discovery demand was not overbroad and did not improperly seek privileged matter. This appeal by petitioner ensued and this Court granted a stay pending appeal.

Initially we note that petitioner's argument that respondent has no standing to obtain discovery of certain estate-related information, because of respondent's stipulation of waiver and the intermediate accounting indicates that the estate has more than sufficient assets to pay that obligation, lacks merit *(see,* CPLR art 31; SCPA 102; Siegel, NY Prac § 343, at 490 [2d ed]). Respondent's claim against the estate is one of substantial value and, as a party to the proceeding, respondent has standing to seek disclosure relating to such claim.

Petitioner's contention, that respondent's demand for disclosure should have been denied because it is overbroad and seeks disclosure of matters confidential and/or irrelevant to the question of whether there are sufficient assets to satisfy respondent's $25,000 claim, should be granted in part and denied in part.

Employment agreements between or among decedent, petitioner and other attorneys, and the accounting records of the firm are relevant to ascertain the value of decedent's law practice at the time of his death. Respondent is entitled to determine the value of decedent's law practice and the capacity of the estate to satisfy her claim against it. Disclosure of the law office files requested by respondent, however, should be limited to permitting discovery only of the retainer agreements and the outcome of the individual cases. Respondent has not shown how other information in the law office files is material and necessary to ascertaining the value of decedent's law practice at the time of his death. The object of respondent's disclosure motion is only to determine that value. Law office files are confidential and information not necessary to

accomplish that objective should not be subject to disclosure. Thus, names of the clients should be redacted from any file information disclosed.

We reject petitioner's claim that information in the clients' files relating to what occurred after decedent's death is not relevant to computing the value of decedent's law practice at the time of his death and thus should not be disclosed. Whether such information is relevant depends on the basis used to calculate the share of any contingent fees due decedent. It is not necessary or appropriate to decide which method of evaluation applies to those files at this point. Thus, disclosure of the outcome of the law files is proper.

Respondent's demand for the personal income tax returns of petitioner and decedent is not proper because the returns are confidential and respondent has not demonstrated that such information is necessary to establish her claim against the estate or could not be otherwise obtained (see, *Haenel v November & November*, 172 AD2d 182; *Kornblatt v Jaguar Cars*, 172 AD2d 590, 591).

Petitioner's contention that disclosure of law office file information is necessary to establish her claim relating to the mortgage on the Athol property is rejected. That mortgage claim against the estate, if any, was waived pursuant to the waiver stipulation concerning admission of the codicil to probate. That claim may be pursued against petitioner individually but not against the estate.

Mercure, Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for a protective order to the extent of directing that as to law office files of clients respondent disclose only the retainer agreements with client names redacted and the outcome of the claims in said files by exempting from disclosure decedent's and petitioner's personal income tax returns; motion granted to that extent; and, as so modified, affirmed.