Norddeutsche Landesbank Girozentrale v Tilton (2018 NY Slip Op 06633)





Norddeutsche Landesbank Girozentrale v Tilton


2018 NY Slip Op 06633


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


651695/15 7249N 7248 7247 7246

[*1] Norddeutsche Landesbank Girozentrale, et al., Plaintiffs-Respondents,
v
Lynn Tilton, et al., Defendants-Appellants.


Gibson, Dunn & Crutcher LLP, New York (Randy M. Mastro of counsel), for appellants.
Berg & Androphy, New York (Michael M. Fay and Chris L. Sprengle of counsel), for respondents.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered January 12, 2018, which, in motion sequence number 5, denied defendants' motion to seal portions of plaintiffs' amended pleading and motion to amend that summarize or quote tax-related financial information contained in documents other than tax returns, and in motion sequence number 6, denied defendants' first motion for a protective order barring the use of any tax-related discovery and the further discovery of any such tax-related financial information, and orders, same court and Justice, entered May 25, 2018 and May 29, 2018, which, in motion sequence number 10, denied defendants' second motion for a protective order barring discovery of any tax-related information post-dating April 2012, and, in motion sequence number 12, inter alia, granted plaintiffs' motion to compel certain tax-focused depositions, unanimously affirmed, without costs.
The court properly denied defendants' motions for protective orders barring the use of all tax-related discovery and tax-related discovery post-dating April 2012, because the produced and requested tax-related discovery satisfies the liberally interpreted standard for disclosure (see CPLR 3101[a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). It is material to plaintiff's fraudulent inducement claim. While a party seeking disclosure of tax returns must make a strong showing that the information contained in the returns is necessary and unavailable from other sources (see Weingarten v Braun, 158 AD3d 519 [1st Dept 2018]; Williams v New York City Hous. Auth., 22 AD3d 315 [1st Dept 2005]), the underlying financial information, when contained in documents other than tax returns, such as in Form K-1s, is typically discoverable if material and necessary (see Shabasson v Greenberg, Trager, Toplitz & Herbst, 284 AD2d 230 [1st Dept 2001]). This Court's decisions in MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC (103 AD3d 486 [1st Dept 2013]) and Haenel v November & November (172 AD2d 182 [1st Dept 1991]) should not be read to hold otherwise.
The court properly denied defendants' motion to seal portions of the amended complaint and motion to amend that summarize or quote tax and financial information, since defendants failed to overcome the broad presumption of public entitlement to judicial proceedings and court records (see Mosallem v Berenson, 76 AD3d 345, 350 [1st Dept 2010]; see also Applehead Pictures LLC v Perelman, 80 AD3d 181, 191-192 [1st Dept 2010]). The disclosures they seek to seal are not tax returns, and do not involve trade secrets or information that could result in a competitive disadvantage. Although the disclosures involve sensitive financial information that relates to information contained in tax returns, the court properly found that the privacy interest in such information, unlike the privacy interest in tax returns, is not a sufficient basis for an order [*2]sealing that information so that it is not accessible to the public (see Mosallem, 76 AD3d at 351).
Defendants have failed to show that the court erred in granting plaintiffs' motion to compel certain tax-focused depositions. Contrary to their contention, the court did not
order the parties to violate the rules that protect against disclosing materials subject to the attorney-client privilege.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK